Low Bros. & Co. v. Anderson et al.

1. **Mortgage:** MARRIED WOMAN MAY EXECUTE: CONSIDERATION. A married woman may execute a valid mortage upon her separate property, and an extension of time of payment of the debt of another is a sufficient consideration therefor.

2. **Homestead:** MORTGAGE: SURETY. A mortgage upon a homestead of which the legal title is in the wife, executed by the husband and wife to secure a note given for an existing debt of their son, in consideration of an extension of time, is a valid one and may be enforced.

*Appeal from Delaware Circuit Court.*

MONDAY, OCTOBER 25.

On the 10th day of January, 1871, Henry Anderson, jr., being indebted to Low Bros. & Co. upon a book account in the sum of $1,925, Henry Anderson and Frances Anderson, his father and mother, executed their joint and several promissory note, on account of said indebtedness to plaintiff, for said sum, one-half payable six months, and one-half twelve months from date, with ten per cent per annum interest.

To secure this note Frances A. Anderson and her husband, Henry Anderson, executed their mortgage upon four lots in the town of Manchester. The mortgage declares that the

intention is to convey an absolute title in fee simple, including all rights of homestead, subject to defeasance upon the payment of the note aforementioned.

. The property mortgaged was the homestead of Frances A. and Henry Anderson, and the legal title was in Frances. The petition prays judgment for the amount of the note and a foreclosure of the mortgage. Frances A. Anderson alone answered. She alleges that at the time of executing the note and mortgage she was a married woman, that no benefit ever accrued to her, or was intended to accrue to her from the execution of said note and mortgage, and that she was the owner in fee simple of the property described in the mortgage, and used it as her homestead.

The court rendered judgment against all the defendants, for the amount of the note and interest, and dismissed the plaintiff's petition for foreclosure of the mortgage. Plaintiffs appeal.

*Chas. E. Bronson*, for appellants.

*S. G. Van Anda*, for appellees.

DAY, J.—The court below held that a married woman cannot incumber her homestead to secure a preexisting debt of another, when no part of the indebtedness has accrued to her, and it has not inured to her benefit or to the benefit of her husband.

Chapter 126, Laws of the Thirteeth General Assembly, provides a substitute for section 2506 of the Revision, as follows:

1. MORTGAGE: married woman: consideration.
" Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent, and in the same manner as if she were unmarried." The note and mortgage were executed after this statute was enacted, and the court recognized its force by rendering a personal judgment against Mrs. Anderson upon the note. And there can be no doubt, it seems to us, that if she had executed a mortgage upon her separate property, other than the homestead, the same would have been

valid, and could have been enforced. This seems to have been conceded by the court below.

There can be no doubt that the extension of time on the account due by Henry Anderson, jr., half for six, and half for twelve months, constituted a sufficient consideration for the execution of the joint note by the defendants. When they executed that note they created a valid debt which might have been enforced against each.

2.HOMESTEAD: mortgage: surety.

The mortgage refers to this note, declares that it is executed for the purpose of securing it; that it is the intention to convey all rights of homestead, and it is signed by Frances Anderson and her husband.

Section 2279 of the Revision, referring to the homestead, provides: "A conveyance by such owner is of no validity unless the husband and wife, (if the owner is married,) concur in and sign such conveyance." Section 2281 provides: "It may also be sold for debts * * * * created by written contract executed by the persons having the power to convey, and expressly stipulating that the homestead is liable therefor."

The note and mortgage sued on answer every condition of this requirement. The note creates a debt by written contract, executed by the husband and wife, the persons having power to convey the homestead. The mortgage is executed by the same persons to secure this note, and it expressly stipulates that it is the intention for that purpose to convey all homestead rights. As somewhat analagous to this case, though before the adoption of chapter 126, Laws Thirteenth General Assembly, see *Patton v. Kinsman*, 17 Iowa, 428; *Wolf v. Van Metre*, 23 Iowa, 397; *Green et al v. Scranage*, 19 Iowa, 461.

The court erred in dismissing the petition for foreclosure.

REVERSED.