ELIZABETH DAVIS, PLAINTIFF IN ERROR, v. THE FIRST NATIONAL BANK OF CHEYENNE, DEFENDANT IN ERROR.

1. **Married Women.** By our statute relating to the rights of married women, the common law doctrine relative to a *feme covert* is materially changed. The statute *legalizes* her contracts, and enables her to *legally* contract and deal in reference to her separate property as she pleases, and to bind it by general engagements; and further, it enables her legally to sue, and makes her liable to be sued "in the same manner as if she were unmarried"—as though she were a *feme sole.*

2. ———. All such contracts and general engagements of a married woman should, however, be with reference to and upon the faith and credit of her separate property.

ERROR from the district court of Douglas county. Tried below before LAKE, CH. J. The opinion states the facts necessary to an understanding of the case.

*G. W. Ambrose* (with whom was *J. C. Cowin*), for plaintiff in error.

This is simply an action upon a promissory note, not a bill in equity to establish and enforce a lien upon specific real estate of a married woman, by reason of the fact that the debt was contracted upon the faith of her separate estate, or that the money was used in the improvement of the particular property sought to be charged. If such was the fact there might be some propriety in the argument of counsel for defendant in error.

Such was the case in the 20th Ohio State, and other authorities cited by him.

There is no such issue here. A judgment at law simply, is sought against a married woman, upon her promissory note, to be collected in the ordinary manner by execution at law, and not by reason of any decree declaring the lien and ordering the specific piece of property sold.

When was the contract made, which is now sought to be enforced? The counsel would seem to claim that the date of the note is the evidence of the inception of the contract, and that the fact of the money being obtained long prior, can have no effect upon the consideration. Suppose the consideration of the note sued upon was usury in a prior transaction, or a gambling debt, or some fraudulent transaction in the sale of property, which were made legal by statute at the date of the note, but which were illegal at the time of the transaction out of which the note grew? Could it not be inquired of, and the illegality of the consideration of the debt shown in a suit upon the note?

If the defendant in error can obtain any relief at all in this form of action, it would be simply a modified judgment directing its satisfaction out of the property mentioned in the proof as the lots in Kountz & Ruth's addition, but I contend that even such a judgment would be improper, for two reasons:

1. It could only be done in a case addressed to the conscience of the court, sustained by proofs, and praying such relief. Nothing of the kind occurs here.

2. The money which went into this property, notwithstanding the gift to the wife, belonged to the husband, the debt was the husband's by the very force of the statute invoked by counsel, and the suit should have been constructed so as to have reached its equities in the property.

That this suit cannot be maintained seems to me very conclusive. *Smith v. Greer*, 31 Cal., 476. *Armstrong v. Ross*, 20 N. J. Eq., 112. *Hudson v. Davis*, 43 Mo., 258. *Brick v. Scott*, 47 Mo., 299. *Kimme v. Weippert*, 46 Mo., 534, 343. *Bailey v. Pearson*, 29 N. H., 77. *Carpenter v. Mitchell*, 50 Ill., 470. *Howe v. Wildes*, 34 Maine, 566. *Smith v. Luce*, 27 Maine, 285. *Jones v. Crosthwaite*, 17 Iowa, 397. *Watkins v. Abrahams*, 24 N. Y., 72.

*George I. Gilbert*, for defendant in error, cited 1 Bishop on Married Women, Sec., 848, 858. *Deering v. Boyle*, 8 Kan., 525. *Goulding v. Davidson*, 26 New York, 604. *Murray v. Barlee*, 4 Simons, 82. Willard's Equity Jurisprudence, 651. *Burch v. Breckinridge*, 16 B. Mon., 482. *Todd v. Lee*, 15 Wis., 365. *Phillips v. Graves*, 20 Ohio State, 371. *Dobbin v. Hubbard*, 17 Ark., 189. *Garrett v. Dabney*, 27 Miss., 335. *Fears v. Brooks*, 12 Ga., 195. *Metropolitan Bank v. Taylor*, 53 Mo., 444. *Wicks v. Mitchell*, 9 Kan., 80. *Larimer v. Kelley*, 10 Kan., 298.

GANTT, J.

The plaintiff in error was sued upon a promissory note, dated June 26, 1871. The main facts disclosed by the testimony substantially show, that the plaintiff had deposits of money in her own name, and to her own account and credit, with J. H. Rogers & Co., bankers of Cheyenne, W. T. The note was given to settle the amount overdrawn on this account by plaintiff; and J. H. Rogers indorsed, sold, and delivered, the note to the defendant in error before it became due. A large portion of these deposits were made by the husband of the plaintiff; but he says, that they were made for her separate use, on her account, and to her credit. J. H. Rogers & Co. made some collections for the plaintiff, issuing out of her separate property, and placed the same to her credit in the bank account, and, also, paid some taxes for her, and charged the same to her account with the bank. The plaintiff owned, in her own right as her separate property, considerable estate in Cheyenne, W. T., and also in Omaha, and Douglas county, Nebraska. The money drawn from the bank upon her checks was mostly, if not all, expended by her in building a house on her lands, costing six thousand dollars, in improving her property,

and some "was used for living of family, clothing, and household expenses."

Now, the main question, presented for consideration by the pleadings and exceptions taken in the case, is, that the plaintiff is a married woman, and, therefore, under the facts in the case, a personal judgment at law cannot be sustained against. her upon the note. It seems very clear from the testimony in the case, that the deposits made by the husband were for the separate use of the plaintiff, and became her separate property, and were controlled, drawn out of the bank, and disposed of by her for her own use. No other person claimed any right to, or ownership over the fund; and, therefore, the bank held the money in trust for the plaintiff, and subject to be paid out only upon her orders. The bank account was, therefore, exclusively her own separate business; and by overdrawing her account she incurred a debt, which it seems was with reference to, and upon the faith and credit of, her separate estate, and the rule of the common law is, that, in regard to such separate property, she is considered as a *feme sole*. Perry on Trusts, Sec., 32. Hill on Trusts, 421.

But the settled doctrine of the common law is, that the general engagements of a married woman, in respect to her separate property, could only be enforced in equity; and this, not upon the ground that she could make valid contracts in law or equity, but because her honest engagements ought to be answered; and, hence it is said, that "intimately connected with the right of a married woman to dispose of her separate property, is the right or power of such *feme covert* to contract debts and charge her separate estate, either by specific agreements in relation to it, or by general engagements; * * * and her separate estate will be bound to make good her contracts, and it may be reached by proper proceedings, though she is not personally liable." Perry on Trusts,

Secs. 596, 657, 662. *Penty v. Simonson,* 2 Beas., 232. *Glass v. Warwick,* 40 Penn. State, 140. But in more recent times, many of the states have, by statutory law, made radical and thorough changes in the condition of a *feme covert,* and incompatible with that simplicity from which many of the common law rules have been derived. These statutes have *legalized* the contracts of married women; and so far as her separate property is concerned, she is a *feme sole,* and can legally contract and deal with her property as she pleases. She can bind it by general engagements; but "it should appear that the engagement is made with reference to, and upon the faith and credit of her estate; and the question, whether it is so or not, is to be judged by the court." Perry on Trusts, Sec. 659. *Frary v. Booth,* 37 Vt., 78. *Todd v. Lee,* 15 Wis., 365. *Same v. Same,* 16 Id., 480. In regard to her property it is said, that this change made by statutory law "in the relative rights and powers of husband and wife, must of necessity, give a different operation to the rules of law by which they are to be governed. The right being vested in the wife by statute, it must, if the act is to be enforced, remain intact until she consents to dispose of the property, for the right includes *full dominion over it;* " and, therefore, her property, both real and personal, is to be under her sole control, and to be held, owned, and possessed by her the same as though she were unmarried; and in respect to it, she alone has the *jus disponendi. Emerson v. Clayton,* 32 Ill., 496. *Jones v. Crosthwaite,* 17 Iowa, 402. *Todd v. Lee,* 15 Wis., 380.

Our legislative act, "relating to the rights of married women," approved, March 1, 1871, provides that, "a married woman, while the marriage relation exists, may bargain, sell and convey her real and personal property, and enter into any contract with reference to the same, in the same manner, to the same extent, and with like effect, as a married man may, in relation to his real and

personal property;" and that "a woman may, while married, sue and be sued in the same manner as if she were unmarried." It is not necessary now, to inquire into the wisdom of the act in regard to the extent it goes in legalizing the contracts of a married woman, or in regard to the right of action by or against her, as though she were a *feme sole.* The statute confers on her the right and power to make legal and binding contracts; it gives her the legal right to sue, and makes her legally liable to be sued on her contracts, in the same manner as if she were unmarried, and the court must expound the law as it finds it made by the constitutional law making power. But the rule must be observed, that all such contracts of a *feme covert* must be with reference to, and upon the faith and credit of, her separate estate. We think the case at bar comes within this rule; and, therefore, the judgment of the court below should be affirmed.

JUDGMENT AFFIRMED.