*J. C. Watson*, for Goodlett.

*E. F. Warren*, for Merriam.

STEPHEN HALE, APPELLEE, v. FLORA G. CHRISTY AND OTHERS, APPELLANTS.

1. **Practice:** EVIDENCE ON APPEAL: HOW AUTHENTICATED. In the absence of a stipulation waiving it, the certificate of the judge presiding at the trial as to what the testimony was is essential in its authentication for the supreme court.

2. **Foreclosure of Mortgage:** TIME FOR BRINGING ACTION. An action for the foreclosure of a mortgage upon real estate may be brought at any time within ten years after the action accrued. [MAXWELL, CH. J., dissenting.]

3. **Married Women:** THEIR POWER TO CONVEY REAL ESTATE: OTHER CONTRACTS. Under Secs. 42 and 43, Ch. 61, General Statutes, a married woman may sell and convey real estate, or any interest she may have therein, the same as if she were

single. As to her other contracts she is liable only to the extent that they are made with reference to, and on the faith and credit of, her separate estate.

APPEAL from the Otoe county district court. The case is stated in the opinion.

*S. H. Calhoun*, for appellant.

1. The note of a married woman given during coverture (except to improve her separate estate) is absolutely void, such note cannot be recovered on even after death of husband. *Thomas v. Passage*, 54 Ind., 106. *Kantrowitz v. Prather*, 31 Ind., 92. *Sharpe v. Clifford*, 44 Ind., 346.

2. A woman may while married sue and be sued in the same manner as if she were unmarried, * * * but the rule must be observed that all such contracts of a *feme covert* must be with reference to and upon the faith and credit of her separate estate. *Davis v. First National Bank of Cheyenne*, 5 Neb., 242. *Yale v. Dederer*, 18 N. Y., 265, 22 N. Y., 450. *Corn Exchange v. Babcock*, 42 N. Y., 450.

*M. L. Hayward*, for appellee.

1. This is not an action against Mrs. Christy to obtain a personal judgment against her on her note. It is simply an action to foreclose and have sold her interest in certain real estate mortgaged by herself and husband to secure the payment of a note signed by both. As no personal judgment is prayed against her and none ordered by the court in its decree, we respectfully submit that for the purposes of this action it is wholly immaterial whether or not a married woman can be sued upon her note. Suppose we admit that the debt was and is the husband's debt, and that she never signed the note—even then we can have sold her inter-

est in the real estate which she has mortgaged to secure this debt.    It is immaterial whose debt it is.    It is the debt she gave the mortgage to secure.    Now suppose we admit that the note was barred as to Mrs. Christy, or that she could not give a note, or that she never signed the note (it is admitted that she signed the mortgage to secure this debt, which she claims was and is the husband's debt), is not her interest in the mortgaged land held so long as the debt is alive against the husband?   When a mortgage is made to pay a debt the lien attaches until debt is paid.   *Green v. Hart,* 1 Johns, 580.   *Davis v. Maynard,* 9 Mass., 242.   *Pomeroy v. Rice,* 16 Pick, 22.   *Dana v. Binney,* 7 Vt., 493.   *Fowler v. Bush,* 21 Pick, 230.   *Pond v. Clarke,* 14 Conn., 334.   *Cleveland v. Harrison,* 15 Wis., 676.

2.    The records of this cause show that Edward W. Terry held a mortgage on the land in controversy, given for purchase money by Emil J. G. Christy prior to plaintiff's mortgage.   A suit was brought by Terry to foreclose his mortgage.   In this suit plaintiff herein, Hale, and Mrs. Christy were made parties, but no service of any summons was ever made on Mrs. Christy. At the sale of the mortgaged premises, made by virtue of the decree in that cause, Hale purchased the land and took and has ever since been in possession of the land.    At that sale Hale acquired all the interest in the land of Edward W. Terry, the first mortgagee, and Emil J. G. Christy.   *Childs v. Childs,* 10 Ohio State, 339.   *Stark v. Brown,* 12 Wis., 572.   *Moore v. Card,* 14 Wis., 213.   He is then a second mortgagee in possession, holding all the rights of the husband who owned the land, and of the prior mortgagee whose mortgage was for purchase money of the land.   What rights has Mrs. Christy left in the land?   Clearly her only right is to redeem the land by paying the amount paid by Hale to Terry and the amount due on the second

mortgage. *Bradley v. Snider*, 14 Ill., 266. *Brown v. Lapham*, 3 Cush., 552. *Taylor v. Porter*, 7 Mass., 355. *McArthur v. Franklin*, 16 O. S., 204. *Downer v. Wilson*, 33 Vt., 1. *Rands v. Kendall*, 15 O., 676. *Green v. Dixon*, 9 Wis., 532. *Gillette v. Eaton*, 6 Wis., 30. *Tallman v. Ely*, 6 Wis., 244. She cannot bring an action at law for her dower, but can only file a bill in equity to redeem. It cannot be contended that in a bill in equity, filed to redeem premises from a mortgagee in possession, holding the interest of the husband who owned the land, and of a prior mortgagee under a mortgage given for purchase money, a widow could plead the statute of limitations. *Balch v. Onion*, 4 Cush., 559. *Pratt v. Huggins*, 29 Barb., 277. *Johnson v. Candage*, 31 Maine, 28. *Newton v. Gray*, 4 Gray, 46. If wife could redeem we can foreclose such right. *Benedict v. Gilman*, 4 Paige, 58.

LAKE, J.

This case comes here by appeal of one of the defendants, and the first question to be decided is raised by a motion to strike from the record what purports to be the evidence taken on the trial in the court below, on the ground of its not being properly authenticated, the judge presiding at the trial not having certified it to be such. Motion sustained for the following reasons: Section *two* of the act providing for appeals in equity actions, "approved March 3, 1873" [Gen. Stat., 716], provides that "when the proofs and testimony are taken orally before the court on the hearing of the cause, the same shall be reduced to writing in form similar to bills of exception, and be allowed by the judge hearing the cause as in cases at law." This requirement was not observed in this case. Neither is there any agreement between counsel as to what the

evidence before the court was.   What purports to be a record of the evidence, and certified by the court reporter to be such, is copied into the record by the clerk of the district court; this is all we have.   In the absence of a stipulation waiving it, the certificate of the judge presiding at the trial, as to what the testimony was, is essential.   The statute recognizes no other mode of authentication in this sort of cases.

The evidence being thus disposed of and out of the way, the only other questions to be considered are such as are properly raised upon the pleadings and judgment.

The action was in the ordinary form for the foreclosure of a mortgage upon real estate.   The mortgage was given by the defendants as security for the payment of their joint note for $567.00, due in one year from date.   The note and mortgage both bear date of May 1, 1869.   The action was commenced on the 27th of January, 1877, and one of the defenses interposed by Flora E. Christy was the statute of limitations, in that it was not commenced within five years after the maturity of the note.   This was not a good answer. By section six of the code of civil procedure, as it was when the action accrued and still is, ten years is the time given for the commencement of foreclosure suits upon mortgages.   [Gen. Stat., 525.]   But even if five years were the limitation to be applied, still, as it is alleged in the reply that during two years of the time subsequent to the maturity of the note the defendant had her residence out of, and was in fact absent from, this state, if it were necessary in order to support the finding of the district court it would be presumed, in the absence of a showing to the contrary, that this allegation was made good by the proofs on the trial.

As to the fact that Flora E. Christy was a married woman when she executed this mortgage, it may be

answered that it is not certain from the pleadings just what her interest in the premises was. Perhaps the inference would be reasonable that it was only a contingent dower interest. But whatever her interest may have been she had the clear right to convey it in the manner charged. Section 42, chapter 61, Gen. Stats., provides that "any real estate belonging to a married woman may be managed, controlled, leased, devised, or conveyed by her by deed, or by will, in the same manner and with like effect as if she were single." And the next section, that "to convey her right of dower she must execute a deed with, or without, her husband." These sections were in force when this mortgage was executed, and are still the law of this state. Under them the power of a married woman to sell and convey her real estate, or any interest which she may have therein, is full and perfect. Under the common law, even, the mortgage would be good, her husband having joined with her in its execution. 2 Kent's Com., 150; 1 Hilliard on Mortgages, sec. 9, ch. 1. Under the statute it is good, and would have been had she executed it alone.

It is urged by counsel for Mrs. Christy that owing to her coverture she incurred no personal liability by signing said note. This, no doubt, is true, and the finding of the court below that she was liable cannot be upheld. Even under the very liberal provisions of our more recent legislation respecting the rights of married women, this court has already held that to bind her the contract must be made with reference to and upon the faith and credit of her separate estate. *Davis v. The Bank of Cheyenne*, 5 Neb., 242. She was not liable on the note.

But while the finding of the court that Mrs. Christy is indebted on the note cannot be upheld, inasmuch as the decree does not go to the extent of adjudging that

she shall pay it, no injury was done.   The decree is not that she pay the amount so found to be due on the note, but that in "case the said defendants fail for the space of twenty days," etc., to pay the amount so found to be due, that an order of sale issue to the sheriff to sell her interest in said premises, and that the proceeds be applied to the payment of the costs, and whatever may then be due of the mortgage debt.   Even if there should be a balance of the mortgage debt remaining unsatisfied after exhausting the mortgaged premises, it not being a case in which such balance is recoverable at law as against Mrs. Christy, no execution could be lawfully issued against any other of her property.

MAXWELL, CH. J., dissenting.

Section six of the code referred to in the opinion reads as follows: "An action for the recovery of the title or possession of lands, tenements, or hereditaments, can only be brought within ten years after the cause of such action shall have accrued.   This section shall be construed to apply also to mortgages."

It will be perceived that the subject matter of the section is the *title* or *possession* of real property.   The clause in relation to mortgages seems to have been intended to apply to cases where, through void proceedings in foreclosure, or otherwise, the mortgagee has obtained possession of the mortgaged premises.   In such case the mortgagor must file his bill to redeem within ten years or be barred.   See- 4 Kent's Com., 187.   And this construction is supported by sections nine and ten.

Section nine provides: "Civil actions, *other than for the recovery of real property*, can only be brought within the following periods, after the cause of action shall have accrued."

Section ten provides: "Within five years an action

upon a specialty, or any agreement, contract, or *promise in writing*, or foreign judgment."

It will not be denied that under these provisions an action on the note will be barred in five years, and the uniform holding of this court has been that the note is the debt, the mortgage a mere incident. *Kyger v. Ryley*, 2 Neb., 28. *Richards v. Kountze*, 4 Id., 208. *Webb v. Hoselton*, Id., 317.

In some of the states, where the common law doctrine as to mortgages still obtains, it is held that even after the note is barred the mortgagee may proceed in equity upon his mortgage and foreclose it. *Belknap v. Gleason*, 11 Conn., 160. *Allen v. Everly*, 24 Ohio State, 97. But in *Kyger v. Ryley supra*, this court expressly held that such was not the law in this state. Section seventeen of the code, while saving the rights of certain parties under disability, provides that "the absence from the state, death, or disability of a non-resident, save the cases mentioned in this section (infancy, a married woman, insane, or imprisoned), shall not operate to extend the period within which actions *in rem.* shall be commenced by and against such non-resident, or his representatives." This proviso is not in the Ohio code, from which ours was copied, and was added to the section in the revison of 1866.

In *Peters v. Dunnells*, 5 Neb., 460, and *Rector v. Rotton*, 3 Neb., 177, it was held that the foreclosure of a mortgage was a proceeding *in rem.*, and in the former case it was held that the action to subject the mortgaged property to the payment of the debt must be commenced within five years. For these reasons I cannot give my assent to the opinion of the majority of the court, so far as it applies to the time within which actions of foreclosure must be brought.

DECREE AFFIRMED.