Spaun v. Mercer.

8 | 357
53 | 579

EMMA J. SPAUN, PLAINTIFF IN ERROR, V. SAMUEL D. MERCER, DEFENDANT IN ERROR.

Husband and Wife: MEDICAL SERVICES: LIABILITY OF HUSBAND. For medical services bestowed upon the husband himself, or upon his wife and children, by whomsoever the attendance of the physician may have been requested, the husband, and not the wife, is ordinarily liable. Especially is this so where the credit was in the first instance given to the husband, and where there was no special agreement on the part of the wife to bind her separate estate.

ERROR from the district court for Douglas county. Judgment against plaintiff in error who was defendant below. The facts appear in the opinion.

*George E. Pritchett,* for plaintiff in error.

The judgment should be reversed, because the plaintiff in error was a married woman, and the services rendered to her and her children were necessaries, for which her husband was alone liable. Medical attendance and medicines are necessaries. Tyler on Infancy

and Coverture, page 357, and cases there cited.   There can be no implied contract on the part of a married woman to pay for necessaries furnished to her, for the husband alone is liable for them.   *Main v. Stephens*, 4 E. D. Smith, 86.   And if the wife contract for necessaries, the law presumes the wife to be the agent of the husband.   Tyler on Infancy and Coverture, page 334, and cases there cited.   This is the rule of the common law, and has not been changed by the statute. The statute of 1871 has not limited the liability of a husband for necessaries furnished his family, nor created a liability on the part of the wife therefor. The statute only permits a married woman to make a contract in reference to her separate property.   *Davis v. First Nat. Bank*, 5 Neb., 244.   It may be claimed by the other side that plaintiff in error made an express promise to pay this account after the services were rendered.   It is true Dr. Mercer says so and Mrs. Spaun denies it; but if she did so, the promise was without consideration and void, because it was a verbal promise to pay somebody else's debt, and because it was the promise of a married woman not in reference to her separate estate.   *Watkins v. Halstead*, 2 Sand. Sup. Ct., 311.   *Smith v. Allen*, 1 Lansing, 101.   *Manchester v. Sahler*, 47 Barb., 155.   *Kidd v. Conway*, 65 Barb., 158.   *Chappin v. Harmon*, 24 La. Annual, 327.

*John C. Cowin*, for defendant in error.

LAKE, J.

The proceedings to be reviewed in this case were had in an action on an account for medical services, furnished by the defendant in error to various members of the family of one Jacob S. Spaun, who was at the time the husband of the plaintiff in error.

As to the facts of the case there is no material controversy. That the services were rendered was admitted on the trial. In the manner of the employment there was nothing at all unusual. Dr. Mercer was the family physician, and had been such for a considerable time before this particular account commenced. Some of the services sued for were in doctoring the husband, some the wife, and some the children; and they were requested indiscriminately by Spaun himself, his wife, his children, and his servants. It is not alleged, nor is it even pretended, that these services were given on the credit of the wife, or on any agreement that they were to be a charge upon her separate estate. Under these circumstances, it is clear that they constituted a valid debt against Jacob S. Spaun, and against him alone. They are classed under the head of "necessaries," for which the wife is not ordinarily liable.

And we think it is quite evident from the manner of entering the charges in his books of account, that it was Dr. Mercer's understanding that the services were chargeable to the husband alone, and that he must look to him for his pay. It appears that the several items were originally entered against J. S. Spaun, the husband, and that afterwards " Mrs." was prefixed, so as to make the heading read " Mrs. J. S. Spaun, Dr. etc." But while the original heading was entirely appropriate for the charges entered thereunder, as will be seen from the following items taken from the account, the changed one very clearly is not so. For instance:

| | | | |
|---|---|---|---|
| May 18, one office call—wife... | | | .............................$1.00 |
| " 19, " " | | baby................................. | 1.00 |
| " 21, one visit, | | wife.................................. | 2.00 |
| " 23, three visits, | | wife......... ...................... | 6.00 |
| July 1, one visit, | | child .............................. | 2.00 |
| " 3, " | | self.................................. | 2.00 |
| " 11, " | | self.................................. | 2.00 |

There are many other items in the account of like import, but these are sufficient to show that Dr. Mercer regarded the husband as his debtor for the services, as he in fact was, and that the change in the name was the result of an afterthought, it may be, when the prospect of collecting it from that individual had become not the most flattering.    At all events, the credit having been given to Jacob S. Spaun, it was his debt, and the plaintiff in error not having specially pledged her own individual property to pay. it, she is not liable. *Davis v. The First National Bank of Cheyenne,* 5 Neb., 242.

This being a case wherein it is proper for this court to render such judgment as the court below ought to have rendered, the judgment of the district court is reversed, and the action dismissed at the costs of the defendant in error.

JUDGMENT ACCORDINGLY.