GUY C. BARNUM, PLAINTIFF IN ERROR, v. ELLEN YOUNG, DEFENDANT IN ERROR.

**Married Women.** A married woman is not liable for the payment of a promissory note signed by her, unless the same was given with reference to and upon the faith and credit of her separate property.

ERROR to the district court for Platte county. The action there was on a note given by defendant, a married woman, to one John G. Compton, and by him transferred to Barnum. Verdict and judgment before POST, J., for defendant.

*Millet & Son,* for plaintiff in error.

It will be conceded that if the defendant had been a married man, laboring under no disability, those instructions, which were to the effect that if the jury found that the plaintiff was a *bona fide* holder for value in the usual course of business, before maturity, without notice of any equities existing between the original parties to the note, the verdict should have been for the plaintiff, should unquestionably have been given. The defendant at the date of said note, having a separate estate, under the two sections of our statute [Gen. Stat., 465], enabling her to contract *as a married man may in reference to his property,* and *to be*

*sued* in the *same* manner as if *unmarried*, agreed in *legal effect* (the same as a married man) that if she did not pay it according to its terms the holder might sue, obtain judgment, and sell on execution all her property to satisfy the same, not exempt by law. *Deering v. Boyle*, 8 Kan., 525. 1 Bishop on Married Women, secs. 848, 858. *Metropolitan Bank v. Taylor*, 53 Mo., 444. *Wicks v. Mitchell*, 9. Kan., 80. *Larimer v. Kelly*, 10 Kan., 298. The court erred in permitting defendant to testify that when she gave this note she did not intend to make the same a charge against her separate estate, especially when it is conceded that plaintiff is a *bona fide* holder for value. She cannot be permitted as against him to plead her own fraud, and say in effect she did not mean to charge her estate, but meant to cheat the holder. 1 Bishop on Married Women, sec. 873. *Whitesides v. Cannon*, 23 Mo., 457. *Coats v. Robinson*, 10 Mo., 757. *Schafroth v. Amos*, 46 Mo., 114.

*S. S. McAllister*, for defendant in error, cited *Webb v. Hoselton*, 4 Neb., 308. *Davis v. The First National Bank*, 5 Neb., 242. *Hale v. Christy*, 8 Neb., 264. Wells' Separate Property of Married Women, 419, 440. *Boarman v. Graves*, 23 Miss., 283. *Dobin v. Hubbard*, 17 Ark., 196. *Nunns v. Givhans*, 45 Ala., 373. *Todd v. Lee*, 15 Wis., 380. *Ballin v. Dillaye*, 37 N. Y., 37. *Bank v. Miller*, 63 N. Y., 639. *Kimm v. Wiepert*, 46 Mo., 532. *Lincoln v. Rowe*, 51 Mo., 571. *Bank v. Taylor*, 62 Mo., 338. *Kantrowitz v. Prather*, 31 Ind., 105. *Husheagan v. Specker*, 36 Ind., 414. *Hodson v. Davis*, 43 Ind., 258. *Shannon v. Bartholomew*, 53 Ind., 54. *Phillips v. Graves*, 20 Ohio State, 390. *Rice v. Railroad Co.*, 32 Ohio State, 380.

When a married woman gives a promissory note there is not even a presumption that she intends

thereby to charge her separate estate. *National Bank v. Miller*, 63 N. Y., 639.

Cobb, J.

Upon the trial of this cause in the district court the following instructions were given on the court's own motion, and excepted to by the plaintiff.

" 1. The defendant being a married woman at the time she signed the note in question, she will not be liable for the payment thereof unless it was given with reference to, and on the faith and credit of, her separate property and estate. 2. You are instructed by the court that under the law and evidence of this case the material question for you to settle from the evidence is, Did the defendant, at the time she gave the note to John G. Compton, contract with reference to and upon the faith and credit of her separate estate? If she did so contract then she would, under the law of this case, be liable for the full amount of the note. But if from the evidence you find that she did not so contract with reference to and upon the faith and credit of her separate estate, then you must find for the defendant   *   *   *"

Whatever might be my own views as an individual member of the court upon this question of the liability of married women to be sued upon their contracts, were the question now for the first time presented, yet, the point having been at least three times decided by this court, it should be considered as settled here.

In the case of *Elizabeth Davis v. The First National Bank of Cheyenne*, 5 Neb., 242, the court by the late chief justice say: " The statute confers on her the right and power to make legal and binding contracts; it gives her the legal right to sue, and makes her le-

gally liable to be sued on her contracts in the same manner as if she were unmarried.  *  *  *  But the rule must be observed that all such contracts of a *feme covert* must be with reference to and upon the faith and credit of her separate estate."

In *Hale v. Christy*, 8 Neb., 264, the court, by LAKE, J., says: "It is urged by the counsel for Mrs. Christy that, owing to her coverture she incurred no personal liability by signing said notes.  This, no doubt, is true, and the finding of the court below that she was liable cannot be upheld.  Even under the very liberal provisions of our more recent legislation respecting the rights of married women, this court has already held that to bind her the contract must be made with reference to, and upon the faith and credit of, her separate estate.  *  *  *  She was not liable on the note."

And, again, in the case of the *State Savings Bank of St. Joseph, Mo., v. Scott, ante* page 83, the chief justice, in the opinion of the court, after approving the above cases, says:  "This being the construction given to this statute more than three years ago, it has become a rule affecting the rights and liabilities of individuals, and if unsatisfactory, should be changed by the legislature and not by the court."

The instructions complained of contain a fair expression of the law as above settled, and as the verdict and judgment are in accordance therewith, the judgment must be affirmed.

JUDGMENT AFFIRMED.