OLIVER STEVENSON, PLAINTIFF AND APPELLEE, v. WILLIAM R. CRAIG ET AL., DEFENDANTS AND APPELLANTS, AND JAMES SWEET, PLAINTIFF AND APPELLANT, v. WILLIAM R. CRAIG ET AL., DEFENDANTS AND APPELLEES.

1. Married Women: MORTGAGE TO SECURE HUSBAND'S DEBT: STATUTE OF LIMITATIONS. W. R. C. and R. S. C., husband and wife, executed a mortgage to R. M. R., to secure the payment of a loan of money from R. M. R. to W. R. C., as evidenced by the note of W. R. C. to the order of R. M. R., due Jan. 15, 1869, on their homestead, which was the separate property of R. S. C., the wife. Several payments were made on said note, the last one being on the 22d day of February, 1870. On the 1st day of April, 1876, W. R. C. executed on the back of said note an acknowledgment of indebtedness thereon, to the amount of $2,072.93, with interest from June 1, 1871, and agreeing to pay the same within one year from the date of such acknowledgment. Suit to foreclose said mortgage commenced by J. S., assignee of R. M. R., July 31, 1880; held, that the answer of R. S. C. setting up the statute of limitations was properly sustained.

2. ———: ———. On the case above stated, also held, that R. S. C. and her separate property therein described were, before the running of the statute, in equity bound for the debt secured by the said mortgage.

3. Statute of Limitations: FORECLOSURE OF MORTGAGE. An action for the foreclosure of a mortgage upon real estate may be brought at any time within ten years after the cause of action accrued. Hale v. Christy, 8 Neb., 264, adhered to.

OLIVER STEVENSON brought an action in the district court of Otoe county, on the 24th of June, 1880, to foreclose a mortgage executed May 23, 1870, and due six months thereafter, by William R. Craig, and Rowena S. Craig, his wife, to said Stevenson, to secure a note of William R. Craig of that date. The title to the property covered by the mortgage was in the wife, and the same was claimed by her as her separate property. James Sweet was made a defendant, and filed an answer therein, as well as a petition and cross bill against Stevenson, the Craigs, and other defendants, setting up

the execution of a prior mortgage on the same property, by the said Craigs, to secure a note of William R. Craig, dated Sept. 15, 1868; setting up also payments on said note at different times, and an acknowledgment by W. R. Craig of the amount due on the note, April 1, 1876, claiming that the said mortgage was the prior lien on said premises ; and asking for a foreclosure thereof, etc. Both transactions were consummated before the taking effect. of the act of 1871, relative to the rights of married women in Nebraska. By order of court the two actions were consolidated, and upon a trial thereof before POUND, J., the court found in favor of said Stevenson on his note and mortgage, against Sweet on his note and mortgage, that same was barred by statute of limitation, etc., and decree accordingly. Sweet and the Craigs appeal.

*Covell & Ransom,* for appellant Sweet.

As to validity of mortgage by wife prior to act of 1871, see sec. 47, R. S., chap. 43. As to defense of suretyship, cited *Dickinson v. Codwise,* 1 Sand. Ch., 214. *Gahn v. Niemcewicz,* 11 Wend., 312. *Niemcewicz v. Gahn,* 3 Paige Ch., 614. As to statute of limitations, contended that the mortgage having been given prior to amendment of statute in 1869, action thereon could have been brought at any time within twenty-one years. R. S., sec. 6, code. *Wilson v. Richards,* 1 Neb., 342. But even if the ten years statute applied, the acknowledgment of Craig of the amount due April 1, 1876, would prevent statute from running. Furthermore, as to statute of limitations, cited. *inter alia, Schmucker v. Sibert,* 18 Kan., 104. 2 Jones on Mortgages, sec. 1211. *Sichel v. Carillo,* 42 Cal., 493. *Joy v. Adams,* 26 Maine, 333. *Thayer v. Mann,* 19 Pick., 535..

*Watson & Wodehouse,* for appellants Craigs.

Sec. 47, chap. 43, R. S., did not give Mrs. Craig power to make contract of suretyship. Baylies on Sureties, 42.

30

Brandt on Suretyship, sec. 4. *Perkins v. Elliot*, 23 N. J. Eq., 526. The mortgage to Stevenson is barred. *Schmucker v. Sibert*, 18 Kan., 176. *Fort Scott v. Schulenberg*, 22 Id., 648. And see also *Hubbard v. Ogden*, 22 Kan., 363.

*S. H. Calhoun,* for appellee Stevenson.

As to power of wife to mortgage separate estate to secure husband's debt. 1 Jones on Mortgages, sec. 113 and cases cited. 1 Hilliard on Mortgages, chap. 1, secs 6–9. *Campbell v. Tompkins*, 10 Reporter, 537. The wife is surety and extension of time releases her mortgage. *Hubbell v. Osborn*, 22 Kan., 363, and cases cited. *Jaffray v. Crane*, 7 N. W. Rep., 301.

COBB, J.

There are three principal questions presented by the record in this case.

*First.* Was the defendant, Rowena S. Craig, and her sole and separate property therein described, bound by the mortgages to Rollin M. Rolfe and Oliver Stevenson?

*Second.* Is the mortgage to Rollin M. Rolfe barred by the statute of limitations?

*Third.* Is the mortgage to Oliver Stevenson barred by the statute of limitations?

It is conceded that the title to the mortgaged premises was and is in the said Rowena S. Craig, although some evidence was introduced tending to prove that it was in reality the property of William R. Craig; that the lots were given to him as an inducement to leave his former place of residence in a neighboring state and remove to Nebraska City, and engage in manufacturing brick. It is also alleged that he was then indebted to a considerable extent and did not dare to hold real estate in his own name. If all of this is true, none of the parties to this action are in a position to take advantage of it. All of Craig's indebtedness to any or either of them has arisen long since the title to the lots was placed in Mrs. Craig,

and was a matter of public record, besides being personally known to them. If the proprietors of the infant city, for the purpose of inducing her husband to take up his residence there, and engage in manufacturing, saw fit to donate to Mrs. Craig lots for a family homestead, the receipt of such donation by her, and its retention and use by the family, was no fraud, and neither the then present or future creditors of Craig have any right to complain.

In deciding the case of *Demarest v. Wynkoop*, 8 Johns. Chy., 129, Chancellor Kent in 1817 said : " There is no doubt that a wife may sell or mortgage her separate property for her husband's debts. Her deed under her separate examination, before a competent officer, is as valid with us as if she passed her estate by fine at common law. Nor do I perceive any objection to her competency to create a power in the mortgagee to sell in default of payment. If she can convey upon condition, she may prescribe the terms ; and it is fit and convenient that the mortgagor should be able to confer the power." This decision was made long before the legislation of that state, conferring additional powers upon married women in reference to the management and disposal of their separate property, and was made upon the authority of common law cases therein cited.

In the case of *The Fireman's Insurance Company of Albany v. Bay*, 4 Barb., 407, (1848), the court say : "And in all cases where the wife has a separate estate, no matter how it was created, it may be made liable to the payment of her note or bond given on the credit of it, and she has in equity the same power over it, and may sell it or bind it by mortgage, as if she were a *feme sole*.

In the case of *Robbins v. Abrams*, 1 Halsted Chy., 465, decided in 1846, the court of errors and appeals of New Jersey held as follows : "A husband bought real estate and directed that the deeds therefor be made to another,

in trust for his wife and her heirs  *  *  The trustee and the wife afterwards executed a mortgage of the land to secure a debt due from the husband, and the mortgage was duly acknowledged by the wife. Held, That the mortgage was good." And this upon the general principles of the common law.

In the case of *Smith v. Osborn*, 33 Mich., 410, Ch. J. Cooley, delivering the opinion of the court, says: "The consideration of the mortgage which is in controversy in this suit was the purchase price of certain goods bought by Martin C. Osborn of complainant, and also an old indebtedness of a few hundred dollars owing by him to complainant. The mortgage is upon property owned by Emeline C. Osborn, who is the wife of the other defendant, and was given by her at her husband's request. She defends the foreclosure, claiming to have been defrauded when her signature was obtained. The alleged fraud consisted in the husband soliciting and obtaining the consent of the wife to the mortgage of her property, to secure the purchase price of the goods, and then, without her knowledge, making it cover the old indebtedness also *  *  and this *deception it is insisted was a fraud which* entitles Mrs. Osborn to avoid the mortgage! The claim of the defense cannot be sustained to the full extent. So far as the security was agreed upon by Mrs. Osborn it must be supported  *  *  Mrs. Osborn has all the relief she is entitled to, if she is relieved to that portion of the sum included in the mortgage which it was wrongfully made to cover." This decision also rests on common law authorities, and in no degree upon any statute enlarging the powers of married women.

Those authorities and many others cited by counsel, lead to the conclusion that the defendant, Rowena S. Craig, and her separate estate therein described, were bound by the said mortgages.

As to the second point: It appears by the record that

the mortgage to Rollin M. Rolfe was executed on the 15th day of September, 1863, to secure a note falling due January 15th, 1869. There are four payments endorsed on this note, the last being a payment of interest on the 22nd day of February, 1876, more than a year after the statute had run on the note. W. R. Craig executed on the back of said note an acknowledgment of indebtedness thereon to the amount of $2073.03, with interest from June 1, 1871, and agreeing to pay the same within one year from that date. Rowena S. Craig took no part in any of these payments or this acknowledgment. Indeed she does not appear in the transaction at all, from the acknowledgment of the mortgage to the making of her answer in this case. The relation which she bore to the note and debt now under consideration was that of security to the extent of her property mortgaged. Being security, she possesses all the rights, and her obligation is accompanied by all the limitations attaching to that relationship. In addition to authorities cited by counsel, see *Dennison v. Gibson*, 24 Mich., 167.

In the case of *Hale v. Christy*, 8 Neb., 264, the majority of this court held that "An action for the foreclosure of a mortgage upon real estate may be brought at any time within ten years after the action accrued." The cause of action accrued against Rowena S. Craig, January 15th, 1869. She was sued in the cross action July 31, 1880. In her answer thereto she sets up and pleads the statute of limitations, and although the cross-pleading defendant, James Sweet, the owner of the said mortgage, made and filed a reply to her said answer, he alleges no fact tending to show that she ever made any subsequent promise, or assented to the subsequent promise made by the said William R. Craig, or did any other act or thing to take the said mortgage out of the statute. Turning to the evidence as taken by the referee, we find no evidence of any new promise or waiver on the part of

the said Rowena S. Craig to estop or prevent her from claiming the protection of the statute. The conclusion is therefore irresistible that the said mortgage, so far as Rowena S. Craig and her separate property are concerned, was barred by the statute of limitations at the date of the commencement of this suit.

*Third.* The mortgage from William Craig and Rowena S. Craig to Oliver Stevenson was executed the 23rd day of May, 1870, to secure a note due six months after said date; that is to say November 23, 1870. The suit was commenced on the 24th day of June, 1880. It is only necessary to state these dates to show that under the decision in *Hale v. Christy, supra,* this mortgage was not, at the commencement of the suit, barred by the statute of limitations. It is therefore only necessary to say in this connection that the law of that case is adhered to.

Viewing the law applicable to this case, as above stated, we deem it quite unnecessary to discuss the other questions presented by the pleadings and evidence. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.