SAMUEL R. SMITH v. M. ELLEN SPAULDING.

FILED MAY 2, 1894.   No. 4254.

1. **Married Women**: SURETY FOR HUSBAND. A married woman in this state may contract as surety for her husband.

2. ———: ———: CONSIDERATION. The extension of time of payment of her husband's past due indebtedness is a sufficient consideration to support her contract as his surety for such debt.

3. **Abatement.** An objection on the ground that there is another action pending for the same cause must be made before a trial on the merits or it will be waived.

4. **Review.** Parties will as a rule be restricted in this court to the theory upon which the cause was prosecuted or defended in the court of original jurisdiction.

ERROR from the district court of Red Willow county. Tried below before COCHRAN, J.

*Walter A. Leese*, for plaintiff in error.

*W. S. Morlan, contra.*

POST, J.

Defendant in error, a married woman, signed the note in controversy in order to obtain an extension on the past due indebtedness of her husband to the John D. Zernitz Company. In order to secure said note she at the same time, and as part of the same transaction, executed a mortgage on certain real estate, her separate property, in Frank-

lin county, in which mortgage her husband joined. She also signed the following property statement:

" "FEBRUARY 6, 1886.

" For the purpose of securing an extension of time on a certain book account of $325.95, and now due the John D. Zernitz Company, of Chicago, Illinois, we hereby make the following statement: That the house and lot of one and one-half acres of ground which is located in the town of Riverton, Franklin county, Nebraska, on which we are about to give a mortgage to the above John D. Zernitz Company for $325.95, and said property being the same as described in said mortgage, is free and clear from all incumbrances of any kind whatever.

"M. ELLEN SPAULDING.
" B. J. RYAN.         MERRILL A. SPAULDING."

The mortgage here mentioned was subsequently foreclosed by decree of the district court of Franklin county, and the mortgaged property sold, leaving a balance due on said note. Plaintiff in error, to whom said claim had in the meantime been assigned, then brought this action in the district court of Red Willow county, against both makers of the note, to recover the balance due thereon.

At the trial the district court, on its own motion, gave the following instruction: " If you find from the evidence that the defendant M. Ellen Spaulding executed the note introduced in evidence in this action, and that she signed the same merely as surety for her husband, and the consideration of said note being an antecedent debt of her husband, for the payment of which she was in no way liable, then your verdict should be for the defendant M. Ellen Spaulding." The giving of this instruction is error, for which the judgment must be reversed. A married woman may in this state become surety for her husband. (Stevenson v. Craig, 12 Neb., 464.) The extension of time on her husband's past due indebtedness was a sufficient consid-

eration. (Stewart, Husband & Wife, 136; *Green v. Scranage*, 19 Ia., 461 ; *Low v. Anderson*, 41 Ia., 476.)

The plaintiff requested the following, among other instructions, which was refused: "The material question for you to settle from the evidence in this case is, did the parties, at the time the note was executed, contract with reference to and upon the faith and credit of the separate estate of the defendant M. Ellen Spaulding. If they did so contract, then she would, under the law of this case, be liable for the amount due on the note." This instruction should have been given. (*Barnum v. Young*, 10 Neb., 309.)

Defendant in error in her brief argues that the action cannot be maintained without the consent of the court which rendered the decree of foreclosure. There is no doubt that the district court of Franklin county had jurisdiction of the parties and the subject-matter, and might have determined their rights upon a motion for a deficiency judgment. It is no doubt true, as a general rule, that the court which first obtains jurisdiction of a cause of action will retain it until judgment. If this objection had been made in the district court, it is probable that it would have been sustained, and the plaintiff required to seek relief in the foreclosure case. The defendant will not be permitted, however, to ignore that question in the trial court and urge it for the first time after a trial on the merits of the case.

We are asked by counsel who appears for the plaintiff in error in this court to re-examine the question of the contractual liability of married women. In support of that request he has submitted a brief in which this rule, as stated in *Barnum v. Young*, 10 Neb., 309, and *Davis v. First Nat. Bank of Cheyenne*, 5 Neb., 242, is assailed, as in conflict with overwhelming weight of authority. It is conceded that in view of the formidable array of authorities cited the question suggested is worthy consideration whenever properly presented; but we think it is not raised in this proceeding, for the reason that it was not submitted to the district

court in such manner as to secure an explicit ruling thereon. It is true that the proposition contended for was embodied in one of the instructions refused, but it is so decidedly opposed to the other instructions asked as to leave us in doubt upon which theory the case was tried in that court. It is an accepted rule which restricts parties in the appellate court to the same theory upon which they relied in the court of original jurisdiction. (Elliott, Appellate Procedure, 489 *et seq.; Norton v. Nebraska Loan & Trust Co.*, 40 Neb., 394.) That rule is especially applicable in this instance, since the case must be reversed for reasons stated, and the plaintiff will thus have an opportunity to present the question to the district court.

REVERSED.