ANNA LOREE BRIGGS v. FIRST NATIONAL BANK OF BEATRICE.

FILED JUNE 5, 1894.    No. 5593.

1. **Husband and Wife**: SURETYSHIP. In this state a married woman may contract as surety for her husband. *Smith v. Spaulding*, 40 Neb., 339, followed.

2. **Married Women**: SURETY FOR HUSBAND: CONSIDERATION. The contemporaneous lending of money to the husband is a sufficient consideration for the wife's signing a note evidencing such indebtedness, and a clause in such a note pledging her separate estate is binding upon her, although she personally received no consideration therefor.

ERROR from the district court of Gage county. Tried below before BROADY, J.

*Rickards & Prout*, for plaintiff in error.

*Griggs, Rinaker & Bibb*, contra.

IRVINE, C.

The defendant in error sued the plaintiff in error and Charles E. Briggs upon a promissory note as follows:

"$500.        "BEATRICE, NEB., November 26, 1890.

"Ninety days after date I promise to pay to First National Bank, Beatrice, Nebraska, or order, five hundred

6

dollars, at the First National Bank, Beatrice, Nebraska, with interest at the rate of ten per cent per annum from maturity until paid, for value received; and the said Anna L. Briggs hereby pledges her separate estate.

"CHARLES E. BRIGGS.<br>"ANNA LOREE BRIGGS."

The plaintiff in error admitted the execution of the note, but averred that she signed it only as surety for Charles E. Briggs, her husband, to whom the entire consideration was paid, and that the note was not given with reference to her separate estate, nor upon the faith and credit thereof, nor did she bind the same. The evidence showed that she was the wife of Charles E. Briggs; that the money was borrowed from the bank by him; that she executed the note as surety; that the debt was not an antecedent debt, but was one contracted when the note was made. There was a peremptory instruction to the jury to find for the bank. The giving of this instruction, the refusal to give an instruction practically to find for the defendant, and the insufficiency of the evidence are the errors assigned. They all raise the single question as to whether, upon the pleadings and uncontradicted evidence, Mrs. Briggs was liable upon the note.

The plaintiff in error cites in favor of her view of the case, *Davis v. First Nat. Bank of Cheyenne*, 5 Neb., 245; *Hale v. Christy*, 8 Neb., 264; *State Savings Bank v. Scott*, 10 Neb., 83; *Barnum v. Young*, 10 Neb., 309; *Jeffrey v. Fleming*, 26 Neb., 685. None of these cases justifies her contention. The case last cited merely holds that in an action for goods sold and delivered to a restaurant, the evidence showing that the restaurant was kept by the husband, belonged to him, and the credit evidently given to him, the wife was not liable; and the other cases are to the effect that the wife is not liable upon her contracts unless they are made with reference to her separate estate, or an intention is shown to bind her separate estate. To the same

effect is *Eckman v. Scott*, 34 Neb., 817.  In a recent case (*Smith v. Spaulding*, 40 Neb., 339) it was held, citing *Stevenson v. Craig*, 12 Neb., 464, that a married woman in this state may contract as surety for her husband, and that the extension of time of payment of the husband's past due indebtedness is a sufficient consideration to sustain such a contract.  That case is decisive of the one under consideration.  The contemporaneous lending of the money to the husband was a sufficient consideration to sustain the wife's contract and in the note she expressly pledges her separate estate.  There is no allegation and no proof of fraud or mistake in procuring the note and she is bound by its terms.

JUDGMENT AFFIRMED.