JOHN HAWE, APPELLEE, V. ED JOHNSON ET AL., APPELLANTS.

FILED JANUARY 31, 1936. NO. 29497.

*William Niklaus, Edward P. McDermott* and *John E.·Mockett,* for appellants.

*M. H. Worlock, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and RAPER and PROUDFIT, District Judges.

RAPER, District Judge.

Action brought by plaintiff, John Hawe, on January 20, 1934, to foreclose real estate mortgage, signed by Olava Johnson, since deceased, and Ed Johnson, her husband, in which action Ed Johnson and the heirs of Olava Johnson are named as defendants, and from decree of foreclosure awarded plaintiff, the defendants appeal.

The petition is in the usual form for such proceeding, and alleges that the note and mortgage were given to one O. D. Johnson on December 15, 1930, due December 15, 1933, and sold and assigned to plaintiff on January 20, 1931. Coupons for semiannual interest at 6 per cent. per annum payable semiannually were attached to the note, and all coupons were paid except the last one which matured December 15, 1933. No payments were made on principal.

The defendants denied the execution and delivery of the note and mortgage, denied that plaintiff was a *bona fide* purchaser and owner and holder of the note and mortgage, and further allege want of consideration moving to Olava Johnson, the owner of the mortgaged property; undue influence exercised ·by Dr. O. D. Johnson upon Ed Johnson who was a patient of Dr. Johnson, while the patient was in extreme physical and mental weakness; and that the alleged note. and mortgage were obtained by the duress of

Dr. O. D. Johnson, in that Dr. Johnson would not permit Ed Johnson, his patient, to be removed from the doctor's hospital until said papers were signed.

In his reply plaintiff admits that Olava Johnson and Ed Johnson were husband and wife, and alleges that plaintiff purchased the note and mortgage from O. D. Johnson in the ordinary course of business before maturity, and paid full value therefor, and without any knowledge of any defense which the makers may have had against O. D. Johnson and is an innocent purchaser thereof, and that the defendants have paid interest thereon to plaintiff and defendants are estopped to deny the validity of the note and mortgage.

Ed Johnson for seven weeks before the date of the note and mortgage had been a patient in a hospital conducted by Dr. O. D. Johnson, and had there undergone three operations for appendicitis, the last one was on November 20, 1930, and was weak and suffering from bed sores and was anxious to leave the hospital and go to the home of a relative. The note and mortgage were executed in the late afternoon of December 15, 1930, and Ed Johnson left the hospital very soon thereafter. Ed Johnson's account of the happenings on that afternoon is that he signed something but cannot say what it was, that before December 15 he had been given hypodermics frequently (but does not give the times of such treatments), that he was not able to read, was in bed, had bed sores, could understand but little of what was said, and did not know if any paper was read to him, and was wanting to get out of the hospital. And this question was asked him: "Do you remember of Dr. Johnson saying anything as to what he would do if you signed the paper? A. That he would let me out of the hospital." He further testified that he first learned "that there was a mortgage out" having his signature on it about a year afterwards. Mrs. Johnson was not in the room at the time the mortgage was signed. He did not know at the time he put his signature on the two instruments that he was signing a note and mortgage; that what he did was not his

voluntary act and deed, but could not recall whether Mr. Hollingsworth (the notary) asked him that. There was testimony taken to prove that the mortgaged premises were the homestead of Olava and Ed Johnson, but in view of the conclusion we have reached that is immaterial. The title to the property was in her name. She died November 16, 1931. There were other witnesses who testified as to the physical and mental condition of Ed Johnson at the time and shortly after he left the hospital. Their testimony does not sustain defendants' contention that he was not mentally competent on that afternoon.

There were only two other witnesses aside from Ed Johnson who testified to the occurrences at the signing of the instruments in the hospital, Frank E. Hollingsworth and Dr. O. D. Johnson. Mr. Hollingsworth, the notary who took the acknowledgment and who was manager of the Guaranty Trust Company and city and school district treasurer of Kearney, testified that some time on December 15, 1930, he thinks soon after noon, Dr. O. D. Johnson gave him the abstract to the property described in the mortgage, and asked him to draft the note and mortgage, and later in the afternoon he went to the hospital, where he met Olava Johnson and Ed Johnson in a room, and Mrs. and Mr. Ed Johnson both signed the note and coupons and mortgage, and that he asked them if the signing of the note and mortgage was their voluntary act and deed, and that they each replied it was; that Mr. and Mrs. Johnson told him that they would like to have the papers held for 30 days, as they might be able to pay the debt with other funds. Dr. Johnson was called into the room and their request to hold the papers was repeated, and Dr. Johnson told them he consented, and the note and mortgage were given to Mr. Hollingsworth to hold for the 30 days, and if not then paid, they were to be recorded. Witness Hollingsworth testified that Ed Johnson spoke intelligently and comprehended the nature of the transaction. Dr. O. D. Johnson testified that Ed Johnson owed him $1,000 and on December 15, 1930, Ed Johnson told the doctor that he was

not able to pay the bill, and the doctor suggested that he, Ed, give a mortgage note on his farm, but Ed said: "Well, my farm is mortgaged." And the doctor said: "Well, give me a mortgage on your house." And Ed replied: "That house is in my wife's name, but I guess it would be all right." And the doctor told Ed he would call some one and have the note and mortgage executed, and Ed said that would be all right, and the doctor called Mr. Hollingsworth to draw the papers, and in the meantime the doctor saw Mrs. Johnson who gave him the abstract. Doctor Johnson was later called into the room where Ed Johnson and Mr. Hollingsworth were, and Hollingsworth asked the doctor if it would be all right to hold this mortgage up for 30 days because Ed thought within that time he might make other arrangements, and the doctor said it would be all right.

From a consideration of all the testimony as to the execution of the papers, it appears without serious question that Mr. and Mrs. Ed Johnson knew the nature and effects of their acts on December 15, 1930, and the trial court was fully justified in finding that the note and mortgage were duly and properly executed. It may be observed that on December 24, 1930, Mrs. Olava Johnson procured a policy of insurance on the property in the sum of $2,000, to which policy there was on January 20, 1931, attached a mortgage clause making loss payable to John Hawe. Mrs. Ed Johnson paid the premium.

The testimony shows without contradiction that the mortgage was recorded by Mr. Hollingsworth on January 16, 1931, for Dr. Johnson, and that Mr. Hollingsworth as the agent of Dr. Johnson sold and assigned the note and mortgage to John Hawe on January 20, 1931, for the sum of $1,000, which amount Mr. Hollingsworth paid to Dr. Johnson, less $24 commission on the sale, and an assignment of the mortgage was duly recorded on January 20, 1931. The plaintiff continued to hold the note and mortgage and the interest was paid to plaintiff. Neither Mr. nor Mrs. Ed Johnson nor any one for them ever made any complaint to Dr. Johnson or to plaintiff as to any defense

or irregularity in the execution or delivery of the papers until this suit was begun. The plaintiff purchased the note and mortgage in the usual course of business and is a holder of the note and mortgage in due course.

There was a question asked Dr. Johnson calling for his opinion as to the ability of Ed Johnson to transact ordinary business on December 15, 1930. The court overruled an objection of the defendants that it called for a confidential communication, and permitted the doctor to answer. This is assigned as error. There is ample evidence to sustain the decree aside from the answer of Dr. Johnson to that interrogatory and it is not necessary to pass on that. If it was error, it was without prejudice.

Defendants claim there was no consideration moving to Olava Johnson for the note and mortgage. Her husband owed Dr. Johnson for medical services, and wanted an extension of time to pay the debt. The note and mortgage were given to extend the time of payment. This was sufficient consideration. *Smith v. Spaulding,* 40 Neb. 339, 58 N. W. 952; *Bode v. Jussen,* 93 Neb. 482, 140 N. W. 768; *Buffalo County Nat. Bank v. Sharpe,* 40 Neb. 123, 58 N. W. 734.

The clear weight of the evidence proves that there was consideration for the mortgage and note, that they were duly executed and delivered to the mortgagee, that there was no undue influence or duress exerted to procure their execution, that the defendant Ed Johnson was competent to transact the business at the time they were executed, and that plaintiff is a holder in due course.

The decree of the district court is

AFFIRMED.