### IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, 1884.

PRESENT:

HON. AMASA COBB, CHIEF JUSTICE.
" SAMUEL MAXWELL, } JUDGES.
" M. B. REESE,

JAMES SWEET, PLAINTIFF, V. WILLIAM R. CRAIG, ROW-
ENA S. CRAIG, HIS WIFE, WILLIAM M. CRAIG, LUCY
CRAIG HIS WIFE, NATHAN B. CRAIG, GEORGE L.
WOOLSEY, ARTHUR T. CRAIG, AND STATE NATIONAL
BANK OF LINCOLN, DEFENDANTS.

**Creditor's Bill.** Upon the pleading and proofs in this case, *Held*,
That the judgment of the district court in favor of the defend-
ants, Rowena S. Craig, Nathan B. Craig, Arthur T. Craig, and the
State National Bank of Lincoln be affirmed. And that said
judgment, so far as the same is in favor of the said plaintiff and
against the said William R. Craig and Lucy Craig, be reversed,
and a judgment entered in this court in favor of the said plain-
tiff, giving him such relief as the evidence will sustain.

APPEAL and cross appeal from Lancaster county.
Heard below before POUND, J.

*Covell & Ransom*, for plaintiff.

*Watson & Wodehouse* and *O. P. Mason*, for defendants.

COBB, CH. J.

This was an action in the nature of a creditor's bill, brought by James Sweet against William R. Craig, the principal debtor, together with his wife Rowena S. Craig, William M. Craig, his son, Lucy Craig, his son's wife, Nathan B. Craig, his brother, George L. Woolsey, Arthur T. Craig, another son, and the State National Bank of Lincoln. The petition sets out and alleges the recovery of a judgment by the said James Sweet against the said William R. Craig for the sum of two thousand three hundred and sixty-nine dollars and nineteen cents in the district court of Otoe county on the 21st day of April, 1881. The issuance of an execution for the collection of said judgment, and its return wholly unsatisfied for the want of goods or chattels, lands or tenements, of the said William R. Craig, whereon to levy the same.

The petition also contains an allegation to the effect that on and previous to the 24th day of February, 1880, the said William R. Craig held a claim against the State of Iowa, of fifty thousand dollars and over, growing out of a contract for the erection of a deaf and dumb asylum for said state, near Council Bluffs, which claim the said William R. Craig was then engaged in prosecuting before the legislature of the said state of Iowa, and that the said William R. Craig, for the purpose of securing the debt merged in the above mentioned judgment, recovered in said court by said James Sweet against said William R. Craig, and to secure other moneys due from him to Isaac A. Miller on that day, by an assignment in writing and power of attorney irrevocable, did sell, assign, and set over to the plaintiff and Isaac A. Miller the said claim, and delivered to them the irrevocable power of attorney aforesaid. That afterwards, on the 26th day of March, 1880, the legislature

of the state of Iowa, made an appropriation to pay said claim, amounting to the sum of twenty-three thousand nine hundred and fifty-six dollars and fifty cents, and by law directed the auditor of the state of Iowa, upon the said defendant, William R. Craig, filing in said auditor's office a receipt in full for all claims held by him against said state on account of building said deaf and dumb asylum, to issue his warrant on the state treasurer for the said sum of twenty-three thousand nine hundred and fifty-six dollars and fifty cents. That afterwards, on the 17th day of April, 1880, the said defendant, by duplicity, stealth, and fraud, filed such receipt with the auditor, and received from him the auditor's warrants on the state treasury of said state to the amount of twenty-three thousand nine hundred and fifty-six dollars and fifty cents, of which sum at least nine thousand dollars is fraudulently concealed by the said defendants, William R. Craig, Rowena S. Craig, William M. Craig, and Arthur T. Craig. That over five thousand dollars of said sum has been invested in certificates of deposit issued by some bank and other securities negotiable by delivery or by endorsement in blank, which said defendants pass from hand to hand and fraudulently conceal for the purpose of preventing the collection of plaintiff's judgment, and to avoid the same being taken in execution to satisfy the said judgment; and that the said defendants, William R. Craig, Rowena S. Craig, his wife, William M. Craig, and Arthur T. Craig, hold in secret trust to and for the use of the defendant, William R. Craig, other articles of personal property purchased with the proceeds of the said treasury warrants so issued by the auditor of the state of Iowa to the defendant, William R. Craig, as aforesaid, etc. Also that the said William R. Craig is the equitable owner of the following described real estate, situate in the county of Lancaster, namely, lot nine, in block seventy-one, in the city of Lincoln. The south half of the south-east quarter of section twenty-two,

in township eleven north, of range six east of the sixth principal meridian; the south half of the south-east quarter of section twenty-eight, in township eight north, of range eight east of the sixth principal meridian; and the north-east quarter of the north-east quarter of section thirty-three, in township eight north, of range eight east of the sixth principal meridian. That the title to the above described lot nine, in block seventy-one in the city of Lincoln is held by and in the name of the said defendant, Nathan B. Craig, who resides in the county of Joe Daviess, in the state of Illinois, in secret trust for the use of said defendant, William R. Craig. That the title to the above described tracts of land situate in the county of Lancaster, is held by and in the name of the defendant, William M. Craig, who is, as a son of the defendants, William R. Craig and Rowena S. Craig, in secret trust for the use of the said defendant, William R. Craig, and that the defendant, Lucy Craig, is the wife of said defendant William M. Craig, etc., and that said defendant William M. Craig at the time of taking said title was wholly insolvent.

That the defendant, Arthur T. Craig, who is the son of the defendants, William R. Craig and Rowena S. Craig, and resides in Otoe county, has in his possession a stock of harness and saddlery leather, tools, harness trimmings, and all the necessary things for the carrying on of the business of a harness maker and dealer in harness, which were purchased with money derived from the sale of the treasury warrants received by the said William R. Craig from the state of Iowa as aforesaid, furnished by said William R. Craig, through the said Rowena Craig, to the defendant, Arthur T. Craig; that in equity the said William R. Craig is the owner of the said stock of harness and material for the manufacture of harness and saddlery, etc. That the said defendant, Rowena S. Craig has and holds in her own name a large amount of the stock of the State National Bank of Lincoln, to-wit: forty shares of the par value of

one hundred dollars per share, amounting to four thousand dollars, which was originally purchased by the said William R. Craig in the month of June, 1880, of Joseph J. Imhoff assigned to Rowena S. Craig, one of these defendants, wife of the said William R. Craig, to be by her held in trust for the use of said William R. Craig. That payment was made for said bank stock to said Imhoff by said defendants, William R. Craig and Rowena S. Craig, by the said William R. Craig endorsing over, and delivering over and delivering to the said Imhoff a treasury warrant for the sum of five thousand dollars, dated April 17, 1880, upon the treasury of the state of Iowa; that the said Imhoff executed to the defendant, Rowena S. Craig, his note for one thousand dollars, the difference between the value of the said treasury warrant and the said bank stock. That the said stock is the property of said defendant, William R. Craig, and ought to be applied to the payment of plaintiff's said judgment. But the defendant, Rowena S. Craig, fraudulently conceals such bank stock to prevent its being taken in execution to satisfy said judgment of plaintiff.

Also that the defendant, George L. Woolsey, holds some property, deed to some real estate, tax title, tax certificate or other thing of value, in which the said William R. Craig is in some manner beneficially interested, which ought to be applied to the payment of the said judgment. That the said defendants are about and threaten to transfer, assign, and dispose of the property so held by them in secret trust for the benefit of said defendant, William R. Craig, etc. With prayer for judgment, the appointment of a receiver, etc.

The defendants, William M. Craig and Lucy, his wife, William R. Craig, George L. Woolsey, Nathan B. Craig, and Arthur D. Craig, sued by the name of Arthur T. Craig, filed their several and separate answers therein. Thereupon on the 23d day of May, 1882, the plaintiff filed a supplemental petition setting up the recovery of another

and additional judgment by him against the said defendant, William R. Craig, for the sum of four thousand six hundred and forty-three dollars and thirty-five cents damages, and eighty-six dollars and thirteen cents costs of suit, in the district court of Otoe county.

Thereupon the defendant, Rowena S. Craig, filed her several and separate answer to the said petition and supplemental petition, in which answer she first denied all and singular the matters charged against her by the said plaintiff in his said petition and supplemental petition. Secondly, she set out the fact of the imprisonment of the defendant, William R. Craig, by the said plaintiff upon an execution issued upon the first or original judgment by the said plaintiff, against said defendant, William R. Craig, and described in the original petition, and claimed such imprisonment of the said principal defendant, and his discharge therefrom by order of the court, as a full discharge of said defendant from the said judgment.

For a third defense the said defendant, Rowena S. Craig, set forth and alleged in and by her said answer that before the recovery by the said plaintiff of the judgments or either of them, upon which the said creditor's suit is founded, she owned in her own right and name and in good faith, twenty-five shares of one hundred dollars each of the capital stock of the said State National Bank of Lincoln, for which she paid in her own funds the sum of four thousand dollars, and that the said shares and the funds and money with which they were purchased were the personal property of the said answering defendant, and not subject to the demands of the said plaintiff, nor of the creditors of the husband of her the said defendant, the said William R. Craig, and not liable to execution for the satisfaction of the money claimed to be due on the said judgments as set forth in said plaintiff's petition, because she says that on the 15th day of September, 1868, the said defendant, William R. Craig, was her husband and had been

for many years prior thereto, and that he, the said William
R. Craig, had about that time, but before said last named
date, contracted with the State of Iowa to erect a deaf and
dumb asylum for said state, the same to cost $121,500;
that the said defendant, William R. Craig, needed large
sums of money to-wit, from $5,000, to $10,000 to enable
him to carry out said contract, and the said William R.
Craig was then insolvent and did not own any property,
and could not raise money to enable him to carry on said
contract, and as it was the wish and desire of both this
defendant and her husband, the said William R. Craig,
that he should fulfill and carry out said contract, a parol
contract or agreement was made and entered into by and
between the said William M. Craig and herself the said
answering defendant whereby it was agreed and under-
stood that if the said William R. Craig could and would
obtain a loan of sufficient money to carry on said contract
on the note of the said William R. Craig, secured by a
mortgage of himself and this answering defendant on
their homestead, to-wit: lots one, two, and three in block
twelve in Nebraska City proper, and which said premises
were then and had been for some time prior thereto,
owned in fee simple by said answering defendant, Rowena
S. Craig, and which said premises were then of the value
of $7,000 to $9,000; that as the consideration to her, the
said Rowena S. Craig, to execute such mortgage on her said
homestead, and to procure the loan she, the said Rowena,
should receive out of the money or proceeds received and ob-
tained from the said state of Iowa for said asylum the sum of
$5,000. That after the foregoing agreement had been made
as aforesaid, and by reason of the promise of this answering
defendant to execute the mortgage as aforesaid, the said
William R. Craig, on the said 15th day of September, 1868,
obtained a loan of $3,000 on his note secured by a mortgage
of himself and said Rowena S., on her said homestead from
one Rollin M. Rolfe; that before signing the said mort-

gage to said Rolfe to secure the said $3,000 and future advances, the aforesaid parol contract and agreement was again made and entered into between the said William R. Craig and the said Rowena S. Craig whereby it was agreed and understood that for the security of this defendant and an inducement for her, and as the consideration to her, to execute the said mortgage on her said homestead to procure the said $3,000 loan and future advances, that she should receive the sum of $5,000 in money or its equivalent of the money or proceeds procured and obtained from the state of Iowa for said asylum contract as hers absolutely in order to protect her said homestead against the said mortgage.

The said defendant, Rowena S. Craig, in and by her said answer further set out and averred that of the said moneys received and borrowed on the said note and mortgage, she never received one cent, but that the whole and entire sum was expended by the said defendant, William R. Craig, in the building of said asylum, and that afterwards on the 23d day of May, 1870, the said William R. Craig, wanting more funds to carry on and fulfill his said asylum contract, obtained another loan of $3,000 of one Oliver Stevenson, on the certain other note of the said William R. Craig, secured by a certain other mortgage of himself and her, the said Rowena S., on her said homestead and as the said William R. was still insolvent, and for the security and as an inducement for her the said Rowena S. to execute said mortgage to said Stevenson before signing the said Stevenson mortgage, the aforesaid parol contract and agreement 'as hereinbefore set forth was again made, renewed, repeated, and entered into by and between the said William R. Craig and her the said Rowena S., whereby it was again agreed and understood that the said Rowena S. was to have the said five thousand dollars and one thousand dollars additional when said sums were paid said William R. Craig by said state of Iowa for building said asylum,

as the consideration to her to execute the said Stevenson mortgage on her said homestead to procure the loan afore- said of said Stevenson. The said defendant, Rowena S., fur- ther alleged that all of this last loan was used and expended by said William R. in the further building of said asylum; that both of said mortgages have become due and payable, and suits have been commenced in the proper court of said Otoe county to foreclose said mortgages, and decrees have been entered therein to sell said premises, and that she, the said Rowena S., has been by reason thereof forced to aban- don her said homestead, and leave it to her said creditors, the said mortgagees and their assigns, of whom the said plaintiff is one.

The said defendant, Rowena S., further alleged, in and by said answer, that the note on which the judgment set forth in the plaintiff's original petition was founded was executed long after the execution of the aforesaid mort- gages and the making of the aforesaid parol contract, and that at that time the plaintiff well knew of said parol con- tract, and that all the matters and things set forth in the plaintiff's petition and supplemental petition took place long after the making of said parol contract between the said Rowena S. and her husband, the said William R., and at a time the plaintiff well knew of the existence of the said parol contracts. She further alleged that the said parol contract between the defendant and her husband, William R. Craig aforesaid, was made with the full knowl- edge, consent, advice, and concurrence of the said plain- tiff, who was then and there acting as the attorney and counselor of the said William R. Craig in reference to the building of said asylum, and in procuring said loans. Said Rowena S. further alleged that on the — day of April, 1880, the said William R. received of said state of Iowa for work and materials done and furnished for said asylum, according to the aforesaid contract, a payment of about twenty-three thousand dollars, out of which said

sum and proceeds, and according to the said parol contract, he paid the said Rowena S. the sum of five thousand dollars. That this was the first proceeds of said building contract obtained by the said William R., out of which he could pay the said Rowena S., and the first and only payment or proceeds received by her the said defendant, Rowena S., of or from the said William R. Craig on said parol agreement, etc. She also alleged that out of said five thousand dollars, she the said Rowen S., has invested in bank stock as aforesaid. The balance she has used in her support, and the payment of her indebtedness. She further alleged that the said bank stock is all the property she owns except a horse and buggy and a few household goods; that she is aged and infirm, and has no way of making a living. That the said money was received by her from the said William R., *bona fide* for the above stated considerations and without any intent to defraud or to hinder or delay the said plaintiff or any of the creditors of the said William R. Craig, and without any knowledge, information, or belief other than that the said money received was her personal property and not subject to the demands of the creditors of her said husband, etc.

The defendant Nathan B. Craig made answer in the shape of a general denial to the petition and supplemental petition.

The cause was tried to the court which found for the defendant, Rowena S. Craig, and that she was the owner of the bank stock mentioned in the petition. The court also found for the defendant Nathan B. Craig, and that he is the owner of lot 9 in block 71 in the city of Lincoln. The court also found in favor of the defendant State National Bank. The court found against the defendants William M. Craig, Lucy Craig, and William R. Craig, and in favor of the plaintiff as to their interest in and to the south half of the south-east quarter of section twenty-two, in township eleven north, of range six east in Lancaster

county, and that the same should be subjected to the plaintiff's judgment.

And thereupon it was adjudged and decreed by the said district court that plaintiff take nothing by his writ as against all of the defendants in said action, except said William M., Lucy, and William R. Craig, in so far as relates to the said south half of the south-east quarter of section twenty-two aforesaid. And it was further adjudged and decreed by the court that the judgment in favor of plaintiff and against William R. Craig, recovered in the district court of Otoe county on the 30th day of September, 1881, for the sum of $4,643.34 and $86.13 costs and accruing costs, with interest on said judgment from the date of its recovery at seven per cent per annum, be and is hereby declared to be a lien upon said interest in and to the said south half of the south-east quarter of section twenty-two, in township eleven north, of range six east of the sixth principal meridian in Lancaster county aforesaid. And that the same be sold as upon execution by the sheriff, etc.

The case is brought to this court on appeal by the said plaintiff as well as upon cross-appeal by the defendants William M. Craig and Lucy Craig.

The cause was argued by counsel on either side and submitted on exhaustive briefs at the July term, 1883, when an unanimous conclusion upon all branches of the case was reached by the court as then constituted, and the papers were taken by then C. J. LAKE for the purpose of preparing an opinion. But at the close of his term of service he returned the case with some few others as not reached.

The record is voluminous, and yet scarcely anything is presented by it but questions of fact, and these having been passed upon by the trial court in its findings, such findings can only be disturbed by this court when unsustained by sufficient evidence.

The title of the defendant Rowena S. Craig in the home-

stead formerly occupied by the Craig family at Nebraska City has been before this court in the case of *Stevenson v. Craig*, 12 Neb., 464. Also in the case of same parties decided at the present term, by which we have confirmed the sale of said homestead to satisfy a mortage executed by the said Rowena S. to raise money for the said William R. Craig to enable him to carry on his contract with the state of Iowa for the erection of the said deaf and dumb asylum. One of the principal allegations of the answer of said defendant Rowena S. is, that at the time she executed the said mortgage upon the homestead it was agreed between her and the said William R. Craig that she should be indemnified for any loss growing out of said mortgage out of the proceeds of said contract with the state of Iowa, and that the money with which the twenty-five shares of stock in the State National Bank of Lincoln were purchased was paid to her by the said William R. Craig in discharge of that agreement and not in fraud of the rights of said plaintiff. Upon this defense the district court found in favor of the said defendant; and we think such finding is sustained by the evidence.

The district court also found for the defendant Nathan B. Craig that he is the owner of lot nine in block seventy-one in the city of Lincoln. This finding is sustained by the evidence. The said court also found generally in favor of the defendants Arthur T. Craig and the State National Bank of Lincoln. These findings are also sustained by the evidence in the case, and the findings and judgment of the district court in favor of the above named defendants as aforesaid are affirmed.

The district court found against the defendants William M. Craig, Lucy Craig, and William R. Craig, and in favor of plaintiff as to their interest in and to the south half of the south-east quarter of section twenty-two, in township eleven north, of range six east in Lancaster county.

We are of the opinion that the last named finding is in

part only sustained by the evidence, and that the judgment rendered thereon must be modified.

It appears from the testimony that the above described eighty acre tract of land was purchased by the said defendant William M. Craig on or about the 4th day of November, 1880, for the price of eight hundred dollars, three hundred dollars of which was paid from funds then in his own hands, and the other five hundred raised by mortgage on the said land. There is evidence tending to prove that the three hundred dollars paid on said land was of funds lent to said William M. by his father, William R., which ought to be applied to the plaintiff's said judgment. But there is no evidence to sustain the said decree making the plaintiff's said decree a lien upon the whole of the said William M. Craig's interest in the said land.

The judgment of the district court so far as the same is in favor of the plaintiff, and against the defendants William M. Craig and Lucy Craig is reversed, and a decree will be entered in this court in favor of the said plaintiff, and against the defendants William M. Craig and Lucy Craig, making the said judgment recovered by said plaintiff against said William R. Craig in the district court of Otoe county a lien on the interest of the said William M. and Lucy Craig in and to the said tract of land to the extent of three hundred dollars and interest thereon from the date of the purchase of said land, and no more.

DECREE ACCORDINGLY.

THE other judges concur.