Smith v. Silvis.

WILLIAM M. SMITH ET AL., PLAINTIFFS IN ERROR, V. JOHN B. SILVIS, DEFENDANT IN ERROR.

1. **Finding: Judgment.** A judgment must conform to the finding. Finding against A. and B. will not sustain a judgment against A. and C.

2. **Issues.** The issues properly presented by the pleadings must be decided either by finding by the court or verdict of a jury, before judgment can be rendered against the defendant.

3. **Default.** A defendant in default for want of an answer should be *defaulted*, and the same entered on the journal before judgment is rendered against him.

NOTE. Where the record of a judgment shows that all of the defendants have been notified of the pendency of the action, as required by law, the finding will be conclusive that notice was duly given, until the contrary is clearly established. *Singleton v. Boyle*, 4 Neb., 414. If the finding be vague, uncertain, or indefinite, it will not maintain a judgment. *Sprick v. Washington County*, 3 Neb., 255. An application to open a default is addressed to the sound discretion of the court, and the appellate court will not interfere unless there is a clear abuse of that discretion. *Orr v. Seaton*, 1 Neb., 106. A party in default may be permitted to answer, at any time before judgment is rendered, and the court must permit the answer to be filed where it is apparent that there is a meritorious defense to the action. *Blair v. West Point Manufacturing Co.*, 7 Neb., 156—REP.

ERROR from the district court for Adams county. It was an action on a promissory note for $700, given by William L. Smith & Co., dated June 15, 1874. Judgment having been rendered against him, Smith brought the cause up by petition in error. Further facts appear in the opinion.

*Ash & Scofield*, for plaintiffs in error.

The summons should contain in itself a complete notice of the suit, and unless issued against a firm, in the firm name, it should contain the full christian and surnames of each defendant named in the petition, and when more than one defendant is sued it should be definite and certain as to the number of the defendants. Gen. Statutes Neb., 533, section 64, 527, section 24. *Franklin v. Talmadge*, 5 Johns., 84. Wade on Law of Notices, sec. 1152, 491. *Bendy v. Boyce*, 37 Tex., 443. *Anderson v. Brown*, 16 Tex., 554. *Battle v. Eddy*, 31 Tex., 368. *Portwood v. Wilburn*, 33 Tex., 713.

The service of the summons is fatally defective, for the following reasons. 1st, The officer's return does not show that it was served by a copy left at the usual place of the business of said firm within the county of Adams, with one of the members of said firm, or clerk or general agent thereof. Gen. Statutes Nebraska, 527, sec. 26. 2d, The officer's return is vague, indefinite, and uncertain. It does not show which one of the five defendants named in the petition of John B. Silvis the service was made upon; the words *et al.* in said return mean *and others*, and cannot be regarded as surplusage, and they render the whole return indefinite, uncertain, and void. *Gamble v. Warner & Wife*, 16 Ohio, 372.

The defendants in the court below who had appeared in the case, viz., Charles Wells and George Wells, were ready for trial on the 15th day of February, and

the plaintiff in the court below made a motion to continue the case until the 18th, which motion was opposed by defendants, and plaintiff supported his motion by affidavit. Whereupon the court adjourned the case and rendered judgment against all the defendants for ten dollars, when he should have rendered judgment against the plaintiff. This was a grave error, for which the judgment should be reversed. Laws of Neb., 1875, 63, sec. 1. *Smith v. Lewis,* 20 Wis., 369.

*B. F. Smith,* for defendant in error.

COBB, J.

The summons in this cause is against "William L. Smith *et al.*" The petition is entitled John B. Silvis, plaintiff, vs. William L. Smith, Charles Wells, George Wells, and Leroy S. Winters, partners doing business under the firm name of William L. Smith & Co., and H. P. Handy, defendants. In the stating part of the petition all of the above named persons except Handy are named and charged to have been partners at the time of the execution and delivery of the note sued on. That they made and delivered the note in their firm name to Handy, who afterwards, and before maturity, waived protest and endorsed the note to Dorr and Heffleman, who endorsed the same without recourse to the plaintiff, &c.

The only service endorsed on the summons is as follows: "State of Nebraska, county of Adams, ss. I hereby certify that on the 6th day of June, 1877, I served the within writ of summons on the within named W. L. Smith *et al.* by delivering *him* personally a true and certified copy of the original summons with all the endorsements thereon as required by law." Signed by the sheriff.

Charles Wells and George Wells appeared and put in

an answer in the nature of a plea in abatement, denying the partnership and also denying the making of the note. No reply of any kind was made to this answer.

William L. Smith made a special appearance for the purpose alone of questioning the jurisdiction of the court, and moved for a dismissal of the suit as to him for insufficient service and other reasons. His motion was overruled. He made no further or other appearance in the case nor does his default appear to have been entered.

On the fifteenth of February the plaintiff filed an affidavit and motion for continuance until the eighteenth of the same month, on account of the absence of a material witness on his part, which motion the court allowed on the condition of the payment of ten dollars costs *by the defendants*. The act of Feb. 25, 1875, authorizes the court in proper cases to impose the payment of a sum not exceeding ten dollars, together with the costs of the term, as the terms upon which the trial may be postponed, but the money is to be paid by the party asking the postponement to the adverse party. Laws 1875, p. 63.

This record finally contains the following finding and judgment: "And now on this day this cause come on to be heard before the court upon pleadings and proof in said cause contained, and the court after hearing the evidence doth find that there is due the said plaintiff from the said defendants, William L. Smith and *George Wells*, on the note in said plaintiff's petition described, the sum of nine hundred and forty-five dollars. It is further considered and adjudged by the court now here that the said plaintiff have and recover of and from the said defendants, William L. Smith and *Charles Wells*, the said sum of nine hundred and forty-five dollars, the sum as aforesaid found due, together with his costs, taxed at $———."

There is no bill of exceptions in this case, so we cannot tell what the testimony was. It is probable that there was evidence proving that one of the Wellses was a partner of William L. Smith & Co., but which one of them we cannot learn from this record, the finding being against *George* and the judgment against *Charles*, and as there was no finding against Charles Wells the judgment as to him must be reversed.

As to William L. Smith, if he was ever in court, which is doubtful, he has a right to know who his partner is.

The question of partnership was fairly presented by the answer of the Wellses and it was error in the court to dispose of the case as was done without a finding on that point. *Mason v. Embree*, 5 Ohio Repts., 276. *Headley v. Ruley*, 6 Ohio Repts., 524. It was also error to render judgment against Smith without first defaulting him for want of an answer.

For these reasons the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.