STATE SAVINGS BANK OF ST. JOSEPH, MISSOURI, PLAINTIFF IN ERROR, v. WINCHESTER D. SCOTT AND SARAH A. SCOTT, DEFENDANTS IN ERROR.

1. Promissory Notes: USURY: INNOCENT PURCHASER. S. and wife executed and delivered to K. and Co. a negotiable promissory note for the sum of $426.70, upon an usurious consideration, which note was due in ninety days from date. K. & Co. indorsed and delivered the same to the plaintiff, who purchased it before-due, and without notice, for the face value thereof less ten per cent for the immature time. *Held,* That the plaintiff was entitled to recover. *Wortendyke v. Meehan,* 9 Neb., 221, adhered to.

NOTE.—See *Barnum v. Young, post.*—REP.

2. ———: MARRIED WOMEN. A wife is bound by her contracts when made with reference to or upon the faith and credit of her separate estate, but she is not bound as *surety* upon a promissory note unless it appears that she intended thereby to bind her separate estate.

ERROR to the district court for Nemaha county. Tried below before POUND, J.

*T. L. Schick*, for plaintiff in error, in support of the point that a married woman who signs a note is presumed from that fact to intend to charge her separate estate with its payment, cited: *Webb v. Hoselton*, 4 Neb., 308. *Claflin v. Van Wagoner*, 32 Mo., 252. *Schafroth v. Ambs*, 46 Mo., 114. *Whitesides v. Cannon*, 23 Mo., 457. *Bank v. Taylor*, 62 Mo., 338. *Burnley v. Thomas*, 63 Mo., 390. *Deering v. Boyle*, 8 Kan., 525. *Wicks v. Mitchell*, 9 Kan., 80. *Miner v. Pearson*, 16 Kan., 27. *Collins v. Rudolph*, 19 Ala., 616. *Ozley v. Ikelheimer*, 26 Ala., 332. *Baker v. Gregory*, 28 Ala., 544. *Jarmin v. Wilkerson*, 7 B. Mon., 293. *Bell v. Keller*, 13 B. Mon., 381. *Philips v. Graves*, 20 Ohio St., 371. The contrary intention may be shown, but it must appear from the instrument itself and cannot be shown by parol. *Kimm v. Weippert*, 46 Mo., 532. *Bank v. Taylor*, 62 Mo., 338. *Jarmin v. Wilkerson*, 7 B. Mon., 293. *Wicks v. Mitchell*, 9 Kan., 80. Selden J. in *Yale v. Dederer*, 22 N. Y., 456. The language of the statute is that a married woman may enter into any contract with *reference* to her separate property, and it would narrow its meaning much to hold that the contract must have *relation* to or *concern* the property. The term *with reference to* is synonymous with *having a view toward*. Webster's Dic. We therefore submit that whenever a contract is made in which a married woman receives or obtains credit the contract is made with a *view toward* her separate estate, which alone obtains her credit.

*W. T. Rogers*, for defendants in error, cited : *Davis v. First National Bank*, 5 Neb., 242. *Hale v. Christy*, 8 Neb., 264. *Wooster v. Northrup*, 5 Wis., 245. *Erwin v. Downs*, 15 N. Y., 575. *De Vries v. Conklin*, 22 Mich., 255. *West v. Laraway*, 28 Mich., 464. *Vankirk v. Skillman*, 34 N. J., Law 113. *Rodemeyer v. Rodman*, 5 Iowa, 426. *Jones v. Crosthwaite*, 17 Iowa, 973. A married woman has no power to enter into a contract upon which a personal judgment might be given against her. *Mallett v. Parham*, 52 Miss., 922. *Cary v. Dixon*, 51 Miss., 599. *Pippen v. Wesson*, 74 N. C., 442. And the execution of a promissory note is no evidence of an intention to charge her separate estate. *Brick v. Scott*, 47 Indiana, 302. *Hodson v. Davis*, 43 Indiana, 258.

MAXWELL, CH. J.

The defendants executed and delivered to C. L. Keim & Co. a promissory note, of which the following is a copy :

" $426.70.          FALLS CITY, NEB., July 7, 1877.

" Ninety days after date, we, or either of us, promise to pay C. L. Keim & Co., or order, four hundred and twenty-six $\frac{70}{100}$, for value received, negotiable and payable without defalcation or discount, and interest from date until paid, at the rate of twelve per cent, and ten per cent attorney fees, if collected by suit. Payable at the Falls City bank, Falls City, Nebraska.

"W. D. SCOTT,
"S. A. SCOTT."

The note was transferred before due, for a valuable consideration, to the plaintiff, without notice of any defense. In 1879 the plaintiff instituted an action on the note in question against the defendants in the dis-

trict court of Nemaha county. The defendants answered plaintiff's petition, alleging, 1st, that the note was obtained for an usurious consideration; 2d, that S. A. Scott was the wife of W. D. Scott. On the trial of the cause the court found for the defendants, and a motion for a new trial having been overruled, dismissed the action. The plaintiff brings the cause into this court by petition in error.

The first question presented by the answer has already been passed upon by this court in the case of *Wortendyke v. Meehan et al.*, 9 Neb. 221. Here it is clearly shown that during the month of July, 1877, the plaintiff purchased the note in question, properly endorsed, of C. L. Keim & Co., for "the face of said note less ten per cent interest, for the immature time," and that the plaintiff had no knowledge that said note was usurious. Such being the case, the plaintiff comes clearly within the rule laid down in *Wortendyke v. Meehan*, and may recover thereon.

The court found that S. A. Scott signed the note in question as surety for her husband, and was not liable thereon. This is assigned for error.

In the case of *Davis v. The First National Bank of Cheyenne*, 5 Neb., 247, this court uses the following language: "The statute confers on her [the wife] the right and power to make legal and binding contracts; it gives her the legal right to sue, and makes her legally liable to be sued on her contracts, in the same manner as if she were unmarried. * * * * But the rule must be observed, that all such contracts of a *feme covert* must be with reference to, and upon the faith and credit of, her separate estate." And the same doctrine is affirmed in *Hale v. Christy*, 8 Neb., 264. This being the construction given to this statute more than three years ago, it has become a rule affecting the rights and liabilities of individuals, and,

if unsatisfactory, should be changed by the legislature and not by the court.

As it does not appear in the record that the contract of suretyship was made by the wife upon the faith and credit of her separate estate, or with reference to the same, the judgment as to her must be affirmed; but as to Winchester D. Scott, the judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.