ALFRED BURLEY, PLAINTIFF IN ERROR, v. JOSEPH H. MILLARD, DEFENDANT IN ERROR.

Discretion of Court. On the case made, *Held* to be error on the part of the district court, and a legal abuse of discretion, to refuse to allow the defendant to withdraw his assent to the entry of judgment as by consent in open court, and restore the cause to the calendar for trial.

ERROR from the district court for Douglas county. Tried below before SAVAGE, J.

*Redick* and *Connell*, for plaintiff in error, cited *Gillette v. Morrison*, 9 Neb., 395.

*George E. Pritchett*, for defendant in error, cited *Helling v. N. E. Mort. Co.*, 10 Neb., 611. · *High v. Bank*, 6 Neb., 155. *Seymour v. Street*, 5 Neb., 85.

COBB, J.

It appears from the affidavits preserved by the bill of exceptions in this case, that upon the call of the trial docket in the district court, upon reaching this cause, Mr. Connell, one of the attorneys for the defendant, under a misapprehension of the true situation and merits of the case, as he afterwards and now conceives, proposed to Mr. Pritchett, attorney for the plaintiff, that plaintiff might dismiss the case at his own cost, and retain the replevined property. That proposition was declined by Mr. Pritchett. Whereupon Mr. Connell left the court room after, as he states in his affidavit, having withdrawn said offer and having some spirited words with the counsel on the other side and having declared his readiness to try the case when reached in its order. It further appears, that soon after Mr. Connell left the court room, Mr. Pritchett changed his mind in regard to the matter, and after obtaining the somewhat indefinite assent of Mr. Redick, partner of Mr. Connell and one of the attorneys for the defendant, announced in open court that it was mutually agreed between the parties that judgment might be rendered in said cause in favor of the plaintiff for the possession of the property, and in favor of the defendant for the costs, which was so entered upon the judge's minutes. That after these proceedings had taken place, and about half an hour after he had left the court room, as before stated, Mr.

Connell returned thereto, and having learned what
had taken place, and having informed Mr. Redick of
the facts in the case, as he states, as having passed be-
tween him and Mr. Pritchett, both Connell and Red-
ick sought to withdraw the consent of the defendant,
so far as the same had been given by Mr. Redick, to
the rendition of such judgment, and made known to
the court what they claimed to be the true facts in the
case, and notified Mr. Pritchett that application would
at once be made to have said entry expunged; and the
court, upon hearing the statements of the said Connell
and Redick, notified the clerk not to make any record
until the parties could be more fully heard.

It further appears that these facts were afterwards
in due time brought to the attention of the court upon
a motion to expunge the entry on the trial docket, en-
tering judgment in said cause for plaintiff, the same as
expressed in said motion not having yet been entered
or carried on the journal of said court or signed by the
judge, for the reason (as therein expressed) that the
same was permitted to be entered under a misappre-
hension of the facts and the rights of said defendant,
etc., which said motion was supported by the affidavits
of Connell and Redick, stating the facts substantially
as herein, with the addition on the part of Connell
"that the original offer of affiant to consent to a dis-
missal of said case was made under a misapprehension
of the facts and of the true rights of the defendant;
that affiant then supposed that this action, which is one
of two replevin suits relating to the property of the
Omaha Horse Railway Co., involved only certain prop-
erty which was supposed to be covered by the chattel
mortgage to plaintiff, but upon a more careful exami-
nation of the mortgage and pleadings herein, affiant
discovered that this suit involved a large amount of
property not covered by said mortgage," etc., and on

Burley v. Millard.

the part of Redick that "he would not have consented had he not believed from the representations of Pritchett that it was clearly understood between him and Mr. Connell that that should be the disposition. That such consent was given by mistake and misapprehension of facts, and that there is a meritorious defense to said action," etc. Said motion was resisted by the affidavit of Mr. Pritchett, in which he does not differ in his statements of fact materially from either Connell or Redick.

The court does not seem to have treated this motion as a question of practice or proceeding *in limine*, but first ordered a regular judgment by consent of parties to be entered up, and then seems to have considered this motion in the light of a bill in equity to set it aside for fraud, and made a finding in the case "that said judgment was rendered by consent of both parties in open court, and that the defendant consented to such judgment without any mistake on his part or fraud on the part of the plaintiff," etc.

After the statement was made in open court by Mr. Pritchett, in the presence of Mr. Redick and with his tacit assent, that judgment by agreement of parties was to be entered in the case, and the court had entered the same on his minutes or trial docket, it was undoubtedly a matter of discretion on the part of the court to allow such assent to be withdrawn, his minutes expunged, and the cause restored to the calendar for trial.

In the case of *Mills v. Miller*, 3 Neb., 95, this court says, in reference to the discretion of the district court to allow or refuse permission to a party to amend his pleadings: "While the entire subject of amendments is in the discretion of the court before which the case is tried, yet it is a legal discretion, and if it should be made to appear to a reviewing court that the

amendment sought to be made of any pleading, process, or proceeding, is in furtherance of justice, it will be held to be error to refuse such amendment." This rule, I suppose, applies also to all matters of discretion which devolve upon the district court in the necessarily hurried transaction of business in the disposition of causes at the sessions, and most obviously so when, upon a matter of discretion, a party may be denied any trial of his cause upon the merits.

It appears that the attention of the court was called to the misunderstanding between counsel almost immediately after the judge's minutes had been entered and the desire of both counsel for defendant to withdraw the consent as having been improvidently made, and it seems quite clear to me that their request should have been granted, the judge's minutes expunged, and the cause restored to the calendar for trial.

While it is true that the policy of the law favors compromises and the amicable settlement of lawsuits, yet it rather favors fair trials than that a party should be led into what he conceives to be an improvident consent to judgment, through the misunderstanding of counsel, in whatever good faith all parties have acted in the premises. And especially when, before the rising of the court from that forenoon's session, and before the cause could have been reached on the docket for trial, it not being suggested that the situation of the parties in reference to a trial had changed in any particular, it is made to appear that such consent was the result of a misunderstanding, and that the party then desires to withdraw it.

While it is almost impossible to lay down any general rule for the government of cases of this kind, the above considerations lead me to the conclusion that under the facts and circumstances of this case, the district court ought to have allowed the motion of the

defendant, and that it was a legal abuse of discretion on the part of said court to refuse the same.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.