KEITH BROTHERS, PLAINTIFFS IN ERROR, v. CHRISTOPHER B. HEFFELFINGER, DEFENDANT IN ERROR.

12 497<br>39 649

1. Sale: BONA FIDE PURCHASE. One H., through an agent, purchased a stock of goods from A. for their full value, in satisfaction of a debt owing from A. to H., and the payment of certain other debts, which H. assumed, there being still other debts of which H. had notice. In a contest with a subsequent attaching creditor, *held*, that a verdict that H. was a *bona fide* purchaser would not be disturbed.

2. Practice: SERVICE OF PROCESS BY CORONER. A coroner may lawfully serve a writ of replevin, where the sheriff is a party to the action.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Batty & Ragan*, for plaintiffs in error.

*R. H. Mills* and *James Laird*, for defendant in error.

MAXWELL, J.

It appears from the record, that on the 13th day of January, 1881, one A. C. Wier, traveling agent for the North Star Boot and Shoe Manufacturing Company of

32

Minneapolis, purchased the goods in question from A. Andrus, of Hastings, for his principal, for the sum of $3,100.00.    Of this sum about $2,600.00 or $2,700.00 was a debt due the Boot and Shoe Co; about $300.00 a debt owing by Andrus at a bank; and an account due one McKnight.    Andrus at this time was owing about $2,000.00, beside the above named debts, of which Wier at the time of the purchase had notice.    Wier took possession of the goods in the name of his principal on the 14th of January, 1881.    On the 17th of that month Keith Brothers commenced an action by attachment against Andrus, and caused the goods in controversy to be attached.    On the same day the defendant herein commenced an action in replevin, and took the goods from the possession of the sheriff.    The plaintiffs were substituted in the action for the sheriff.    The Boot and Shoe Co. seems to consist of the defendant.    On the trial of the cause in the court below judgment was rendered in favor of the defendant herein.    The plaintiffs bring the cause into this court by petition in error.    The errors assigned are, in substance, that the verdict is against the weight of evidence, and that the coroner had no authority to serve the writ of replevin.

I. As to the first objection, it is sufficient to say that the testimony shows conclusively that Wier purchased the goods for the defendant and paid their full value.    Fraud as to the other creditors is pleaded in the answer, but there is no proof whatever to sustain it; nor is there any proof, except by inference, to show that the plaintiffs were creditors of Andrus; nor what amount was claimed under the attachment.    The testimony clearly establishes the right of the defendant in error as against the plaintiffs to the goods in question, and there is no error in that regard.

II. Section 3 of Chap. VIII. of the Revised Statutes of 1866, which was in force when this action was commenced,

provided that: "Every coroner shall serve and execute process of every kind, and perform all other duties of the sheriff, when the sheriff shall be a party to the case, or whenever affidavit shall be made and filed as provided in the succeeding section, and in all such cases he shall exercise the same powers, and proceed in the same manner, as prescribed for the sheriff in the performance of similar duties." The coroner may lawfully serve a writ of replevin whenever the sheriff is a party to the action.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.