J. N. ECKMAN, APPELLANT, V. M. A. SCOTT ET AL., APPELLEES.

[FILED JUNE 11, 1892.]

1. **Married Women:** CONTRACTS. Where the contract of a married woman does not relate to her separate business or estate, she will not be liable as surety on a promissory note unless it appear that she thereby intended to bind her separate estate.

2. **Homestead:** ABANDONMENT. Two things must concur to show an abandonment of a homestead, viz., an intention to abandon, and actual abandonment.

APPEAL from the district court for Pawnee county. Heard below before BROADY, J.

*Story & Story*, for appellants, cited, as to married woman's contract: *Gillespie v. Smith*, 20 Neb., 455; *Barnum v. Young*, 10 Id., 309. Homestead: *State v. Griffey*, 5 Neb., 173; *Lehman v. Bryan*, 67 Ala., 558; *Smith v. Smith*, 19 Neb., 706; *Ross v. Hellyer*, 26 Fed. Rep. [Ia.], 413; *Baker v. Jamison*, 36 N. W. Rep. [Ia.], 647; *Kaes v. Gross*, 1 Am. St. Rep. [Mo.], 767.

55

*J. K. Goudy,* and *W. W. Giffen, contra,* cited, as to homestead: *Leonard v. Ingram,* 58 Ia., 406; *Stout v. Ruff,* 17 Neb., 469; *Dennis v. Bank,* 19 Id., 679; *Graves v. Campbell,* 12 S. W. Rep. [Tex.], 238; *Porter v. Chapman,* 4 Pac. Rep. [Cal.], 237.    Married woman's contract: Wells, Sep. Prop. Women, ch. 30; **14 Am.** & Eng. Ency. Law, 661, cases cited, 662, note 2.

MAXWELL, CH. J.

In February, 1887, the defendants executed a note to the plaintiff for the sum of $201.80, and to secure the payment of the same executed a mortgage upon certain real estate in Pawnee City.    This mortgage was foreclosed, and there being a lien prior to the plaintiff's on the property, nothing was realized upon the mortgage from the sale. The sale was confirmed and a deficiency judgment rendered against the defendants for the sum of $231.40, and this action was brought to subject the homestead of the defendants to the payment of such deficiency judgment, it being contended on behalf of the plaintiff that the defendants had abandoned their homestead before the bringing of this action.    On the trial of the cause judgment was rendered in favor of the defendants and the action dismissed.

The testimony shows that M. A. Scott is the wife of W. T. Scott; that the debt in this case was that of the husband and did not in any manner relate to the business of the wife, and that she signed the note as surety for him. In a number of cases this court has held that where the contract did not relate to her separate business or estate, a married woman was not bound as surety upon a promissory note unless it appears that she thereby intended to bind her separate estate. (*Savings Bank v. Scott,* 10 Neb., 84; *Hale v. Christy,* 8 Id., 265; *Barnum v. Young,* 10 Id., 309; *Davis v. First Natl. Bank of Cheyenne,* 5 Id., 242; *Payne v. Burnham,* 62 N. Y., 74.)    The wife, therefore, was not liable on the note.

2. It appears that W. T. Scott went to Beatrice in 1888 to obtain employment; that there was no intention to remove from Pawnee City, although, in consequence of the expense of supporting his family in one place and hiring his own board in another, his family moved temporarily to Beatrice and the wife rented the homestead and afterwards she returned to Pawnee City and sold and conveyed the same. To constitute an abandonment of a homestead two things must concur, viz., an intention to abandon, and actual abandonment. (*Elder v. Reilly*, 10 N. W. Rep. [Ia.], 804.) In the case at bar the proof fails to show an actual abandonment and the lien of the judgment did not attach to the same. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.