JUDGMENT AFFIRMED.

## L. E. SPATZ v. J. A. MARTIN.

FILED JANUARY 22, 1896.   No. 5988.

Negotiab'e Instruments: SURETYSHIP: LIABILITY OF MARRIED WOMEN. Evidence in an action against a married woman upon a note executed by her as surety examined, and *held* sufficient to sustain a verdict against her.

ERROR from the district court of Kearney county. Tried below before BEALL, J.

*J. L. McPheely* and *H. M. Pope,* for plaintiff in error.

In argument reference was made to the following cases : *State Savings Bank of St. Joseph v. Scott,* 10 Neb., 84; *Davis v. First Nat. Bank of Cheyenne,* 5 Neb., 242; *Hale v. Christy,* 8 Neb., 264; *Webb v. Hoselton,* 4 Neb., 308; *Barnum v. Young,* 10 Neb., 309; *Gillespie v. Smith,* 20 Neb., 455.

*A. H. Burnett, contra.*

IRVINE, C.

J. E. Spatz and L. E. Spatz, his wife, gave to J. P. Adams their promissory note for $254. This note was indorsed by Adams to Martin, and the makers and indorser were sued by Martin. A judgment by him was recovered. Mrs. Spatz brings the judgment here for review

by petition in error. Her defense was coverture. The case was submitted to the jury on an instruction to the effect that if Mrs. Spatz signed the note as surety, without reference to her separate estate, and was a married woman, then she was not liable. There is no assignment of error relating to the instruction, and the sole question presented for review is whether the verdict was, under this instruction, sustained by the evidence.

It is settled that a married woman may in this state obligate herself as surety for her husband's debt. (*Stevenson v. Craig*, 12 Neb., 464; *Buffalo County Nat. Bank v. Sharpe*, 40 Neb., 123; *Smith v. Spaulding*, 40 Neb., 339; *Briggs v. First Nat. Bank*, 41 Neb., 17; *Watts v. Gantt*, 42 Neb., 869.) The effect of other decisions is that under our married woman's act a married woman is liable upon her contracts when made with reference to and upon the faith and credit of her separate property. (*Davis v. First Nat. Bank of Cheyenne*, 5 Neb., 242; *Barnum v. Young*, 10 Neb., 309.) In some cases this rule is stated in the alternative, to-wit, that she is bound upon contracts made with reference to her separate estate or upon the faith or credit thereof. (*State Savings Bank of St. Joseph, Mo., v. Scott*, 10 Neb., 83; *Eckman v. Scott*, 34 Neb., 817.) In such cases it has been held that she is liable upon her general obligations, not in their nature connected with her separate estate, when she intended to bind it for their performance. It is not necessary in this case to consider the distinction suggested by the use of the conjunctive term in some cases and the disjunctive in others, because, as already stated, no complaint is made of the instruction, and we need only consider the sufficiency of the evidence, in connection with the instruction and the general statements of the law afforded by the cases cited.

The evidence tends to show that J. E. Spatz was a physician who had performed professional services for the wife of Adams. He had been charged with negligence in his

treatment of her, and in settlement of this controversy had given the note sued upon, his wife joining him in its execution. She testified in answer to direct questions that she did not sign the note with reference to her separate estate, and did not intend to bind it; but, on the other hand, there is evidence, both from her and her husband, to the effect that while the husband enjoyed a good practice, all the property was in her name; that she had previously signed notes as surety; that she knew the object of giving this note, and that it was necessary for him to give security for it. She testified that she presumed she was asked to sign the note because she owned the property. She believed that that was the reason why her signature was desired. It further appeared that her owning the property was the reason urged upon Adams for accepting her as surety, although this conversation was not in her presence. We think this was sufficient evidence to sustain the verdict. The jury was not bound by her direct denial of the fact that she did intend to bind her separate property. It had a right to believe from the evidence that when she had signed the note, owning all the property of the family, and knowing that her signature was desired because of that fact, her intention was to charge that property.

JUDGMENT AFFIRMED.