THE UNION STOCK YARDS NATIONAL BANK OF SOUTH OMAHA, NEBRASKA, Appellant, v. S. J. COFFMAN AND I. A. COFFMAN.

**Married Women:** SEPARATE PROPERTY: *Suretyship.* In Nebraska a married woman is not bound as surety on a note unless she contracted with reference to and on the credit of her separate estate, or intended to bind the same.

BURDEN OF PROOF. The burden is on her, when sued on the contract, to show that she did not so contract or intend.

PROOF OF INTENT TO BIND SEPARATE ESTATE. She may herself testify as to her intention in signing the note.

ESTOPPEL BY RENEWAL. The fact that the note was renewed will not estop her from making such defense.

SEPARATE: *Evidence.* The fact that at the time a married woman signed as surety a note given by her husband for a loan, she owned a farm, does not show that she contracted with reference to her separate estate, or intended to bind the same; it appearing

that the farm was in the exclusive control of the husband, and that the wife did not know what was done with the borrowed money.

*Appeal from Mills District Court.*—HON. WALTER I. SMITH, Judge.

FRIDAY, APRIL 9, 1897.

ACTION to recover on one note of one thousand dollars, dated December 21, 1894, and on another of two thousand one hundred dollars, dated March 13, 1895, on which were indorsements amounting to one hundred and eleven dollars and thirty-nine cents. The notes became due six months after date, and were signed by S. J. Coffman as principal, and his wife, I. A. Coffman, as surety, in Nebraska, where all the parties reside. I. A. Coffman filed an answer, in which she set up the defense that under the laws of Nebraska, as construed by its court of last resort, she was not liable on the notes, because they were not given with reference to or on the faith and credit of her separate property and estate. There was a trial to jury, verdict and judgment for defendants, and plaintiff appeals. —*Affirmed.*

*Hall, McCullouch & Clarkson* and *W. S. Lewis* for appellant.

*Smith McPherson, L. T. Genung,* and *C. C. Wright* for appellees.

LADD, J.—It is conceded that the laws of Nebraska, as construed by the supreme court of that state, govern in this case. The statutes need not be set out, as the rules applicable may be deduced from the decisions. With reference to a married woman it is held in *Davis v. Bank,* 5 Neb. 242, that: "The statute coners on her the right and power to make legal and

binding contracts. It gives her the legal right to sue, and makes her legally liable to be sued on her contracts, in the same manner as if she were unmarried. * * * But the rule must be observed that all such contracts of a *feme covert* must be with reference to, and upon the faith and credit of her separate estate." This construction has been adhered to. *Bank v. Scott*, 10 Neb. 83 (4 N. W. Rep. 314); *Hale v. Christy*, 8 Neb. 264; *Barnum v. Young*, 10 Neb. 309 (4 N. W. Rep. 1054); *Eckman v. Scott* (Neb.) 52 N. W. Rep. 822; *Smith v. Spalding* (Neb.) 58 N. W. Rep. 952; *Spatz v. Martin* (Neb.) 65 N. W. Rep. 1063. It is said in *Gillespie v. Smith*, 20 Neb. 455 (30 N. W. Rep. 526), that "the reason is that her non-liability can only arise from her inability to contract, and this she must clearly allege." In harmony with these decisions, the district court instructed the jury that the burden was upon the defendant I. A. Coffman to show that at the time the notes were executed she did not contract with reference to, and on the faith and credit of, her separate estate. The instructions as given are expressly approved in *Barnum v. Young* and *Smith v. Spalding, supra*. The plaintiff excepts to an instruction in which the jury are told: "The only question remaining as to these notes is whether this defendant I. A. Coffman, when she signed such note, did so intending to bind her separate property. If she did so, she is liable for the amount of such note. If she did not, she is not liable." That this is a correct statement of the law will appear from an examination of the opinion in *Eckman v. Scott, supra*, in which it is said: "In a number of cases this court has held that, where the contract did not relate to her separate business or estate, a married woman was not bound as surety upon a promissory note,

unless it appears that she thereby intended to bind her separate estate." See, also, *Spatz v. Martin, supra.*

II.    It is insisted that the court erred in allowing I. A. Coffman to testify to her intention in signing the note. Where the intention is the very question at issue, such testimony is admissible. *Spatz v. Martin, supra*; *Watson v. Cheshire*, 18 Iowa, 202; *Frost v. Rosecrans*, 66 Iowa, 405 (23 N. W. Rep. 895); Wharton, Ev. (2d Ed.), sections 35, 482.

III.    Complaint is made because the question of estoppel was not submitted to the jury. A sufficient reason for not so doing was the absence of evidence tending to support such a plea. That the notes were renewed was a circumstance to be considered in arriving at the intention of defendant, but would not estop her from making the defense. The evidence fails to show that the plaintiff was misled in any way to its prejudice by the execution of the renewal notes, or the lapse of time.

IV.    It is claimed that the evidence does not support the verdict, because, it is said, the defendant conducted a separate business. The evidence, however, without conflict shows that she did not know what was done with the money borrowed, and that, while she was owner of a large farm, she had nothing whatever to do with its management, received none of the rents therefrom, and that her husband had entire control without any interference on her part. She had property, but no trade or business,—a situation peculiar to many married women. We think the verdict warranted by the evidence, and the judgment must be AFFIRMED.